LEWIS *v.* LEWIS.

4-8502                                        209 S. W. 2d 874

Opinion delivered April 12, 1948.

*Harper, Harper & Young,* for appellant.

*Hardin, Barton & Shaw,* for appellee.

SMITH, J.  This is the second appearance of the parties to this litigation in this court.  In a former opinion reported as *Lewis* v. *Lewis,* 202 Ark. 740, 151 S. W. 2d 998, a decree was affirmed awarding appellee a divorce and alimony in the sum of $60 per month.  Only the allowance of alimony was contested on that appeal.  The opinion there delivered reflects that appellant, the husband, was solely at fault and that he was living in adulterous relations with the corespondent whom he has since married.  This woman was at the time of her marriage to appellant the mother of three children, and the children are now living with appellant in a home which he acquired subsequent to the divorce.  It appears that he made application to the court for a reduction in the amount of alimony the original decree required him to pay, but the relief was denied.  Subsequent to that proceeding he filed a similar motion in which he alleged a change in his condition and ability to pay since his first motion for a reduction of alimony was denied.

Appellee filed a response to this motion in which she alleged a change in her own condition had occurred, and she prayed that the alimony allowance be increased. The testimony shows without dispute that appellee is an invalid and requires constant medical attention, and that she has no income and only slight earning capacity. Her allowance barely affords subsistence.

The only reason assigned for a reduction of alimony is appellant's decreased ability to pay. The question involved and decided on the former appeal was that of his ability to pay the alimony allowed. The former opinion discussed his earnings, the principal source of which came from the operation of a passenger bus.

Appellant testified at the hearing from which this appeal comes that he suffers from arthritis, and that this affliction required him to sell his bus, and his franchise to operate it, for which he received $6,000 cash. After selling the bus, appellant was employed to operate it, but he was injured in a collision which caused the loss of one eye, and the impairment of the vision of the other, and he now has pending a suit for damages on this account. Testimony shows that appellant acquired a truck which he personally operates. The former opinion recites that appellant had a contract to carry mail and newspapers, but he testified that he is no longer able to perform that contract.

He received $6,000 for his bus, but he testified that this is being consumed and he now has only $1,100 in cash and that he barely subsists on his reduced earnings.

Appellant remarried after the divorce, and now has the responsibility of the support of his present wife and her three children, but the court refused, and we think properly so, to take this fact into account. He had a prior obligation fixed by the divorce decree, before he contracted this new obligation. He deserted his invalid wife and abandoned his obligation to her, for the woman responsible for the divorce, as appears from the former opinion.

Appellant testified that he and his present wife bought $700 in bonds during the war, and that with these

and help which he gave her, she has built a lunch stand on the school grounds in Mansfield, where they now live. He testified that the earnings from this business are slight and uncertain. There is no testimony that appellant's present wife ever had any money, or had ever earned any.

The decree from which is this appeal was rendered by the chancellor who granted the original divorce, and fixed the alimony to be paid, and after seeing the witnesses and hearing the testimony offered by them, he reduced the alimony to the extent of only $10 per month. Certainly this is not beyond the necessities of appellee, and we are unable to say that it is beyond the ability of appellant to pay, apart from the support of his present wife and her children whose claim upon him as found by the court below is subordinate to that of appellee.

Appellant does not account very satisfactorily for the expenditure of the $6,000 which he received from the sale of his bus, except to say that he acquired his home, and he admits that he has $1,100 of it on hand.

Appellant has some earning capacity with the use of his truck. He has had two hearings on the question of the reduction of this alimony and if he does not recover damages in his law suit and sustains further diminution of earning capacity, he may again apply for a reduction.

The question presented is one of fact, and we are unable to say that the decree is unsupported by the testimony and it is accordingly affirmed.