DOBRZENIECKI v. DOBRZENIECKI.

5-225

270 S. W. 2d 891

Opinion delivered June 14, 1954.

[Rehearing denied October 4, 1954.]

*Kaneaster Hodges* and *Max Owen Bowie,* for appellant.

*Pickens & Pickens,* for appellee.

GRIFFIN SMITH, Chief Justice. Mary Garbowska Dobrzeniecki has appealed from an order modifying a divorce decree of 1949. The issues are twofold: First, it is insisted that changed circumstances justify an increase of the allowance of $35 per week made for maintenance of the couple's twins—a boy and a girl eight years of age when the separation occurred. They are now almost thirteen.

The Dobrzenieckis were married in 1940 and separated in 1946. At that time they were living in Brooklyn, New York, where the mother and children have remained. Approximately eight months after the separation occurred Dobrzeniecki came to Newport, Arkansas, where he secured remunerative employment. February 5th, 1949, he sued for divorce, alleging separation for more than three years without cohabitation. In his complaint Dobrzeniecki stated that his wife was a proper person to have custody of the children; that he had been making weekly payments to his wife for their support, and he asked that the court award a reasonable sum for their benefit.

In her answer Mrs. Dobrzeniecki denied that there was cause for divorce, adding that "if we were ever separated it was by reason of and directly the result of the plaintiff's own conduct". But, said she, if the petition should not be dismissed for want of equity, then in the alternative the prayer was for adequate provision for herself and the two children.

The evidence in the divorce case is not before us, so we do not know why the only award for support of Mrs. Dobrzeniecki was limited to half of what the Chancellor termed incentive pay—sums earned in addition to the weekly salary of $100 then in effect.

When in May, 1952, Mrs. Dobrzeniecki petitioned for modification of the 1949 decree, the children were then

eleven years of age. Parochial school expenses, the desirability of summer camps attendance, increasing costs of living, and the former husband's greater earning power, were mentioned. His base pay was then $160 per week, subject to certain necessary deductions. He had remarried and maintained his own home in Newport. The new wife's father lived with him, and he sent small contributions to his mother-in-law, ($5 per week) who resides at Forrest City.

The court found that Dobrzeniecki's incentive or bonus pay for 1950, 1951, and 1952 amounted to $2,-149.78, and that none of this had been sent to his former wife. The decree directed that half of this sum, $1,074.89, with interest at six per cent, be paid to Mrs. Dobrzeniecki, but permitted the obligation to be liquidated at the rate of $10 per week. Contempt proceedings were dismissed. But there was a further order that the father have custody of the twins "during the summer vacation period." A fee of $50 was allowed to counsel for the petitioner.

We have concluded that the showing of changed conditions, particularly those relating to additional requirements for the children, was not sufficient to warrant modification of the decree, and the Chancellor's action in that respect is affirmed. It was error, however, to modify the custody award. Dobrzeniecki chose his own course when he left New York, and later when he invoked the Arkansas statute permitting a non-aggrieved spouse to sue for divorce without alleging any cause other than the lapse of time. When doing this he stated that his wife was a proper person to whom custody of the children should be given. The pathetic family involvements attending appellee's departure from New York and his voluntary course in asking the Chancellor to make the order of July 21, 1949—an order that so vitally affected the lives of these children—are matters that cannot be easily undone.

That part of the decree affecting custody of the children is reversed. In addition, the attorney for the

appellant will be allowed a fee of $100. Appellee will pay all costs.

Mr. Justice Ward did not participate in the consideration or determination of this appeal.