McCUTCHEON *v.* McCUTCHEON.

5-942                                            289 S. W. 2d 521

Opinion delivered April 23, 1956.

*Ben C. Henley,* for appellant.

*J. Loyd Shouse,* for appellee.

MINOR W. MILLWEE, Associate Justice. Under a decree of divorce granted appellant, Betty McCutcheon, from appellee, Kenneth McCutcheon, on April 15, 1954, she was given custody of their six year old son and by mutual agreement was awarded $91.00 per month for the child's support. On June 29, 1955, appellee filed his petition for modification of the original decree by reducing the monthly support payments. This appeal is from a decree reducing said payments to $50.00 per month.

Appellee is twenty-four years of age and has been in the military service since some time prior to his divorce from appellant. He has remarried and has a young child by his second marriage. His present wife and child live with appellee near his military base. Appellee's gross military pay at the time of the trial was $274.50 which is slightly more than he was receiving at the time of the divorce. Deduction of the $91.00 government al-

lotment for the support of his first child left a total net income of $183.50 to appellee which includes an allotment of $65.90 for the second wife and child. Appellee testified that the added responsibilities of supporting his second wife and child made it impossible to properly maintain them and also meet the monthly support payment for his first child, the amount of which was agreeable at the time of the divorce. His father testified he had to send extra money for appellee and his second wife and child to live on.

Appellant testified that her earnings were slightly less than at the time of the divorce and that there had been a slight increase in the child's expenses since he had attained school age. Her conclusion that it now takes more than $100.00 monthly to keep the child is hardly supported by her attempt to itemize expenses. She now lives on a farm with her parents who have cows and chickens and make a garden. In reducing the support payments, the chancellor found that a continuation of the payments at $91.00 would work a hardship on appellee and his present family, and that the sum of $50.00 monthly for support of his first child represented the amount usually awarded in that jurisdiction for parties similarly situated.

For reversal, appellant contends the remarriage of appellee and birth of his second child did not constitute such a changed condition as would warrant a reduction of the monthly support payments. The amount allowed for child support is subject to modification when required by the changed condition of the parties by increasing or reducing the amount according to the necessity of the one and the ability of the other party. *Watnick* v. *Bockman,* 209 Ark. 696, 192 S. W. 2d 131. While the fact that a divorced husband has remarried is not alone ordinarily a ground for reducing the amount of the allowance for child support, it is a circumstance that may be considered in weighing the equities of the situation. 27 C. J. S., Divorce, 1245; 17 Am. Jur., Divorce and Separation, Sec. 703. We have applied this principle in suits for modification of alimony payments. In *Lewis* v. *Lewis,* 213 Ark. 262, 209 S. W. 2d 874, we held

the trial court properly declined to consider a husband's additional obligations created by his remarriage where other attendant circumstances, very different from those present here, justified such refusal. On the other hand, in *Boniface v. Boniface,* 179 Ark. 738, 17 S. W. 2d 897, where attendant circumstances were different, this court ordered a substantial reduction in alimony payments to give a second wife and child something approaching equal treatment with the first wife.

In *Dobrzeniecki v. Dobrzeniecki,* 223 Ark. 828, 270 S. W. 2d 891, a contributing factor in the denial of a divorced wife's request for increased child support payments, where the former husband's earning power had increased since the original decree, was the fact of his remarriage and the assumption of additional family obligations by reason thereof. In *Lively v. Lively,* 222 Ark. 501, 261 S. W. 2d 409, relied on by appellant, a reduction was denied where both parties had remarried and the soldier husband's increased net income was nearly twice that received by appellee here.

Appellee had a legal right to remarry and it is not for us to say whether he should or should not have done so under the situation presented here. The fact remains that many young divorced husbands do remarry and additional children are born to the second marriage whose interest and welfare is of as much concern to the courts as those of the first marriage. So we conclude that the chancellor had a right to consider appellee's remarriage and the fact that he has a child by the second marriage as a material circumstance in determining whether the changed condition of the parties warranted a modification of the allowance for the support of his first child. Under all the circumstances, however, we have concluded that the original award should be reduced to $60.00 per month. So modified, the decree is affirmed.

WARD, J., concurs.