PERRY v. PERRY.

5-1604                                      313 S. W. 2d 851

Opinion delivered June 9, 1958.

*Holt, Park & Holt,* for appellant.

*Thad D. Williams,* for appellee.

SAM ROBINSON, Associate Justice. Appellant, Tiny Perry, and appellee, Julius Perry, were married June 7, 1925. On September 25, 1951, Tiny filed suit for separate maintenance; Julius filed a cross complaint asking for an absolute divorce. On October 15, 1951, the court granted Tiny's prayer for separate maintenance and gave her custody of the three minor children, who have since that time become of age; gave her possession of the home place, which was an estate by the entirety; and ordered Julius to pay her $25 per week as maintenance and support for the children. On December 17, 1951, Julius was granted an absolute divorce on his cross complaint. The previous order granting separate maintenance to Tiny was not a grant of alimony *pendente lite,*

203 Ark. 115, 264 S. W. 2d 638.

but was separate maintenance granted in a suit filed for that purpose, and the granting of the separate maintenance in the circumstances was not a bar to the granting of a divorce to Julius. *Hill* v. *Rowles, Chancellor*, 223 Ark. 115, 264 S. W. 2d 638.

The decree granting the absolute divorce did not change or modify the previous order giving to Tiny possession of the property constituting an estate by the entirety. The prior order in that respect remained in full force and effect. Later both Tiny and Julius remarried, but Tiny continued in possession of the property constituting an estate by the entirety. On August 19, 1957, Julius filed a petition asking that he be given possession of the property. The court granted the petition, but the order sets out that Julius is willing that the property be sold and the proceeds divided equally between him and Tiny, and in addition that Julius is willing to pay to Tiny, from his part of the proceeds of the sale, $410 which he has been in arrears a long time in maintenance payments.

On appeal Tiny contends that the decree of December 17, 1951 is *res adjudicata* of the question of possession of the estate by the entirety, and that the court has lost jurisdiction by lapse of time. The possession of the property was given to Tiny by way of maintenance. In the final decree the order giving Tiny possession was in no way disturbed or modified, but the decree specifically provides that the court retains ''control of this cause for such further orders and proceedings as may be necessary to ascertain definitely, and enforce, the rights of the parties hereto in the property herein referred to.''

As a matter of law the trial court retains control of the cause with jurisdiction to modify an allowance of alimony or maintenance. Ark. Stat. § 34-1213 provides: ''The court, upon application of either party, may make such alterations from time to time, as to the allowance of alimony and maintenance, as may be proper, . . .'' Decrees for continuing alimony are always subject to the modification of the court upon application of either party. *Schley* v. *Dodge*, 206 Ark. 1151, 178 S. W. 2d 851.

The chancellor had jurisdiction to change the order providing for maintenance, which the court did by holding that since she had married again Tiny is no longer entitled to exclusive possession of the estate by the entirety. As it now stands, Julius and Tiny own the property by the entirety, but neither of them is entitled to exclusive possession. Since the estate was created prior to Act 340 of 1947, the court does not have authority to order that the property be sold. *Jenkins* v. *Jenkins*, 219 Ark. 219, 242 S. W. 2d 124. Of course, the parties may agree to a disposition of the property, and if they cannot agree the courts may take the proper steps to protect the interest of each of them.

Reversed with directions to enter a decree not inconsistent herewith.