LINCOLN *v.* LINCOLN.

5-1866                                    324 S. W. 2d 516

Opinion delivered June 1, 1959.

*Gentry & Gentry,* for appellant.

*Charles J. Lincoln,* for appellee.

SAM ROBINSON, Associate Justice. Appellant, Louise G. Lincoln, appealed from an order granting appellee, Charles J. Lincoln, a reduction in alimony.

The parties were married in 1946 and a divorce was granted to appellant in 1954. No children were born to the couple. They agreed on a property settlement which, among other things, provides for alimony in the sum of $100 per month, but it was expressly agreed that the chancery court should retain jurisdiction for the purpose of modifying or terminating the payments of such monthly support. Subsequently appellee married a lady with two minor children. In addition, two children were born to this marriage. Later one of appellee's stepchildren died and there were expenses of about $3,500 in connection with the child's illness and untimely death. Appellee got in arrears with his alimony payments and had to borrow about $2,300 to make the account current. He now owes debts totaling $8,365.00.

At the time of the divorce, appellant was not working, but she now has a job and earns $185 per month, and her salary will be increased to $200 per month in the very near future. When the divorce was granted ap-

pellant was earning $420 a month. He now gets $440 a month after taxes, group hospitalization and social security payments are deducted. When the divorce was granted he lived at the home of his mother and had no living expenses. Now, he has a wife and three children to support and owes over $8,000. There has been a decided change in circumstances since the divorce was granted.

In support of her contention that the alimony should not be reduced, appellant cites *Lewis* v. *Lewis*, 213 Ark. 262, 209 S. W. 2d 874, but there, after considering all the facts, which were not as favorable for the reduction of alimony as the facts in the case at bar, the alimony was reduced to some extent and such reduction was affirmed by this Court. In *McCutcheon* v. *McCutcheon*, 226 Ark. 276, 289 S. W. 2d 521, we said: ''For reversal, appellant contends the remarriage of appellee and birth of his second child did not constitute such a changed condition as would warrant a reduction of the monthly support payments. . . . While the fact that a divorced husband has remarried is not alone ordinarily a ground for reducing the amount of the allowance for child support, it is a circumstance that may be considered in weighing the equities of the situation.''

The Chief Justice and Justices McFADDIN and WARD would modify the order of the trial court by reducing the alimony to $75.00. But, when all the facts are considered, the majority of the Court feel that we cannot say the chancellor erred in reducing the alimony to $50 per month.

Affirmed.