GERTRUDE BARNES v. CHARLES H. BARNES

5-4851                                    439 S.W. 2d 37

Opinion Delivered April 7, 1969

*Woodward & Kinard* for appellant.

*Brown, Compton, Prewett & Dickens* for appellee.

FRANK HOLT, Justice.    This is an appeal from a reduction of maintenance and child support payments. In 1964 the appellant was awarded $600 per month as alimony and child support in a separate maintenance action.    In June 1967, the appellee was granted a divorce based upon three-years separation.    The payment of

$600 alimony and child support was continued. In February 1968, the appellee petitioned for a modification of this monthly payment upon the assertion of a material change in circumstances during the preceding eight months. In July 1968, after a hearing upon appellee's petition to modify and appellant's petition for a citation for contempt, the chancellor ordered a reduction of the alimony and child support from $600 to $450 per month; that the stipulated arrearage of $2100 which had accumulated the past few months be paid by alternate monthly payments of $150 and that appellee would be in contempt of court until this arrearage was fully paid; and further ordered that the appellee pay the costs and an attorney's fee.

For reversal the appellant first contends there was insufficient evidence for the lower court to modify the decree of June 1967. Upon a trial de novo, we cannot agree.

A decree for maintenance and support is always subject to modification by application of either party upon a showing of change of circumstances. *Perry* v. *Perry,* 229 Ark. 202, 313 S.W. 2d 851 (1958); Ark. Stat. Ann. § 34-1213 (Repl. 1962).

We review the evidence of a change of circumstances since the June 1967 decree. A month later, appellee remarried and now has two stepchildren. The arrearage of $2,100 in appellee's monthly payments appears to have accumulated since that decree. The $600 monthly payment was based upon a gross annual income of approximately $11,200. There was evidence that appellee's gross income for the year 1967 was approximately $11,720 and a net taxable income (before exemptions) of $5,305.06. Appellee's indebtedness to his partners in the practice of medicine increased from $1,886.97 to $3,-564.34 and his partners are now requiring him to pay $175 per month on current joint expenses and not less than $125 per month to reduce the accumulated deficit.

This represents an increase in expenses of $125 per month. Before 1967, appellee had entered into an agreement with an estate to purchase the interest of a deceased partner at $200 per month. He is in arrears and offered evidence that this payment must now be increased to $400 per month to avoid eviction. According to him, since the 1967 decree it has become necessary to purchase new equipment at an expense of $2,300. He offered evidence that his net worth had been reduced to a deficit and that he had been unable to pay his 1967 federal income tax of $877.64 and state income tax of $161.90. Further, that he owes, a note for $1,100 which he borrowed to pay on his alimony and child support.

The appellant offered evidence to the effect that she has suffered hardship because of appellee's arrearage in payments and that she is delinquent with her obligations. In the 1967 divorce decree she received, in addition to the $600 support payment, a property settlement which included $2,200 in cash, the house in which she presently lives, a lot in El Dorado, and a rental house in Little Rock, all of which were encumbered. The $2,200 was applied on property indebtedness. The residence and lot are still mortgaged and she is delinquent in her payments. The rental property is now free of indebtedness. She testified that she is physically unable to work at the present time. She is 52 years of age and has not worked since she and appellee moved to El Dorado in 1962. She has experience as a medical stenographer and as a psychiatric technician. Their adopted child is now 15 years of age.

In ordering a reduction in payment, the chancellor said: "I've got to exercise some common sense. You kill the goose that laid the golden egg and everyone will suffer." He observed that it might become necessary for appellant to again become employed.

There was only so much income for a division between the support of these two families. We have held that it is only realistic that remarriages happen and such

an occurrence is a circumstance to be considered in determining a change in circumstances. *McCutcheon* v. *McCutcheon*, 226 Ark. 276, 289 S.W. 2d 521 (1956).

Nor can we agree with the appellant's contention that appellee's arrearage precluded any consideration of his petition for a modification. We think the court's order that the $2,100 in arrearage be paid at the rate of $150 on alternate months before the appellee is purged of contempt is reasonable in the circumstances. Further, we are of the view that the appellant has demonstrated no prejudice because of appellee's failure to answer certain interrogatories which were filed a few days before the trial. These interrogatories were subjects which were sifted on cross-examination of appellee when he was a witness.

According to this record, we are of the view, upon a trial de novo, that the chancellor was correct in making a reduction of appellee's payments based upon a showing of a change in circumstances.

The appellee is ordered to pay appellant the costs on this appeal and her attorneys a fee of $300 for their services.

Affirmed.