MARJORIE WOODMAN *v.* OSCAR LEONARD WOODMAN

5-5994                                          482 S.W. 2d 629

Opinion delivered July 17, 1972

*Jackson County Legal Services Inc.,* by: *Monroe L. Bethea,* for appellant.

*Pickens, Boyce & McLarty,* by: *Tim F. Watson,* for appellee.

GEORGE ROSE SMITH, Justice. In 1970 the appellant obtained a divorce from the appellee, who was ordered to pay $25 a week as alimony and $25 a week for the support of the couple's eight-year-old son. Woodman faithfully made the payments for child support, but he made no payments of alimony.

After about a year the appellant filed the present petition to have the alimony delinquencies reduced to judgment and to have Woodman punished for contempt of court for having failed to pay alimony. The trial court entered judgment for the past-due installments of alimony, but he found that Woodman had been unable to make the payments. The court accordingly refused to hold Woodman in contempt and modified the original decree by relieving Woodman of the duty of making further payments of alimony.

We do not find the decree to be clearly against the preponderance of the evidence. According to Woodman's testimony, before the divorce decree was entered the federal Government took his home and all his other assets to satisfy a tax assessment of about $30,000. About $4,200 of the assessment is still unpaid. Woodman has been working as a car salesman, earning from $85 to $105 a week. He has remarried. He states that he has been and is now unable to pay the alimony specified in the decree. His testimony is uncontradicted; in fact, Mrs. Woodman did not see fit to testify at the hearing.

We have held that remarriage is a change of circumstances that may be considered as a basis for a reduction in alimony. *Barnes* v. *Barnes,* 246 Ark. 624, 439 S.W. 2d 37 (1969); *McCutcheon* v. *McCutcheon,* 226 Ark. 276, 289 S. W. 2d 521 (1956). Here there is also Woodman's testimony that when the divorce decree was entered he hoped to salvage some equity from the property taken by the government, but that expectation has not been realized. The chancellor was justified in concluding that if the decree were left unchanged the delinquencies would simply continue to accumulate, subjecting Woodman to a burden that, as a practical matter, might eventually impair his ability to continue to make even the payments for the support of the child. Upon the record as a whole we are not convinced that the chancellor's decree is contrary to the weight of the evidence. Our affirmance, however, is without prejudice to the appellant's right to seek a reinstatement of alimony if conditions should change.

Affirmed.

BYRD, J., concurs.