Gerald Dale PIERCE *v.* Margie PIERCE (ORTNER)

CA 79-25                                          596 S.W. 2d 364

Court of Appeals of Arkansas
Opinion delivered March 19, 1980
Released for publication April 9, 1980

*Thurman Ragar, Jr.,* for appellant.

No brief for appellee.

JAMES H. PILKINTON, Judge. This is an appeal from a denial of a petition for reduction of child support payments.

A divorce decree was entered on March 30, 1971, by the Chancery Court in which appellant was ordered to pay $25.00 per week toward the support of his minor child who was then six years of age. Appellant fell behind in his payments. A hearing was held and by an order dated September 16, 1976, appellant was found to be in arrears in the amount of $420.00; and he was also adjudged to be in contempt of court. The punishment for contempt by incarceration was withheld conditionally upon Mr. Pierce complying with the orders by paying the regular $25.00 weekly payments as they came due, and by paying an additional sum of $3.00 per week on the arrearage until the past-due child support was paid in full. He is still paying under this arrangement, including the extra $3.00 per week on the arrearage which has not been liquidated. By this present action appellant seeks to have his payments being made toward the support of his child, who is now fourteen years of age, reduced from $25.00 per week to $10.00 weekly. Appellant has alleged and attempted to prove certain changes in circumstances since 1971 when the divorce decree was entered.

After a hearing, the Chancellor denied the petition to modify holding that appellant had failed to show such a change in circumstances that would justify a reduction of the amount presently being paid toward the support of the minor child. From that order comes this appeal.

It is clear that the $25.00 which appellant-father now contributes is not sufficient in itself to feed, clothe and otherwise support this child. The appellee-mother also works and of necessity supplies whatever other funds are needed to fully support the child. The record shows that appellant is self-employed. Mr. Pierce and his father established a business known as Pierce and Son Construction, which was apparently a partnership. However, the father has since retired from the business and the enterprise is now operated by appellant as his own. Appellant owns a dump truck and hauls dirt and gravel as a private contractor. He also works part-time as a carpenter. His testimony shows, however, that he prefers to do carpenter work only when he cannot haul soil, gravel or other material. Claiming reduced income, appellant introduced a copy of his 1978 federal tax return showing an income, for tax purposes, of only $2,892.12 for that year. He owns two front-end loaders and a dump truck. The partnership, although inactive, owns other equipment which is available to him. Appellant also builds and repairs driveways, furnishes fill dirt for yards, and does some landscaping. The record shows that he is thirty-three years of age.

Appellant admitted on cross-examination that he took in $15,001.61 in 1978, and admitted including in his deductions for tax purposes an item of $4,930.61 for depreciation on equipment. It is clear from this and other evidence in the record that the tax return alone is not an accurate indicator of his available expendable income for 1978.

It is admitted by all that the Chancery Court has the unquestioned power to alter the allowance of child support at any time, being governed by the circumstances of the particular case. A decree for maintenance and support is always subject to modification by application of either party upon a showing of change of circumstances. *Perry* v. *Perry,* 229 Ark. 202, 313 S.W. 2d 851 (1958); *Barnes* v. *Barnes,* 246 Ark. 624, 439 S.W. 2d 37 (1969); Ark. Stat. Ann. § 34-1213 (Supp. 1979).

After a careful review of the record on trial de novo, we conclude that the circumstances of this particular case do not

warrant a reduction in the amount of child support now being paid by the father as a contribution toward the support of the child. In reaching this conclusion we have not overlooked the fact that appellant has remarried and that his income must be divided between the support of his present family and this child by a former marriage. It is only realistic that remarriages happen and such an occurrence is a circumstance to be considered in determining a change in circumstances. *McCutcheon* v. *McCutcheon,* 226 Ark. 276, 289 S.W. 2d 521 (1956). In the case before us, the evidence shows that Mr. Pierce is capable of earning money at other activities in which he is skilled when the bad weather prevents his usual activities with his trucks. He admits that he is not physically disabled from work and says that he is able to make as much money as he did two years ago if he can get the work. Appellant testified that he had seven or eight jobs waiting on him at the time of trial. The only uncertainty which he mentioned in connection with them was the weather. He continually emphasized in his testimony that "If I was to get sick or something I am not sure I could get the work done." As stated above, he was not sick or physically disabled at the time of the hearing and, if that should occur, the matter could be reviewed upon the then-existing circumstances.

The evidence shows that Mr. Pierce belongs to a hunting club, and he goes hunting several times a year. He also spends some time fishing. The record indicates that Mr. Pierce and his present wife do not maintain separate business and personal bank accounts. Mrs. Lois Pierce, the appellant's wife, testified that they do not have a personal bank account but use the business account to pay for all of the family expenditures. As the Chancellor pointed out, the cost of living today is substantially higher than in 1971. Appellant has been in the same type of business since the date of the decree. The Chancellor noted that Mr. Pierce had elected to follow a business that he likes and plans to stay with although it is seasonal and is affected by weather. It is clearly shown that appellant can earn additional income as a carpenter in bad weather, or when his trucks are not running, if he desires to work seriously at that endeavor. The Chancellor pointed out that the amount of child support had

not been increased since 1971, even though the needs of this child have increased, and the value of the dollar has declined in purchase power. The Chancellor held that after considering all factors he could not in good conscience reduce the amount of child support now being paid by Mr. Pierce; and that appellant must remain bound by the amount set out in the decree of March 30, 1971, and as amended pertaining to arrearage by the order dated September 16, 1976. The state of the record being thus, we cannot escape the conclusion that the order of the trial court was correct.

Affirmed.