KUESPERT *v.* ROLAND.

5-64                      257 S. W. 2d 562

Opinion delivered May 11, 1953.

*Troy W. Lewis,* for appellant.

*R. W. Laster,* for appellee.

J. SEABORN HOLT, Justice. Appellant, Max J. Kuespert, Jr., and appellee were married in 1924. To this union, a child, Katherine, was born December 31, 1940. The parties were divorced in 1947, and both have remarried. By the terms of the divorce decree, there was a property settlement and appellee (the mother) was awarded custody of the little girl,—with visitation privi-

leges to the father,—and $25 per month for her support. The decree also provided: "In event said infant daughter shall become seriously injured or so ill as to require more than ordinary medical care, or shall require hospitalization, then First Party shall pay, in addition to the twenty-five dollars monthly support aforesaid, all such medical or hospital expenses so incurred."

Appellee filed petition February 18, 1952, in which she alleged that the monthly support payments of $25 were insufficient, and "the minor child of the parties, Katherine Kuespert, now requires dental treatment in the form of braces for her teeth, which expense was unforeseen at the time of said agreement; and that this expense in the sum of One Hundred and Fifteen Dollars ($115) should be borne by the plaintiff, Max J. Kuespert, Jr.," and prayed· that the monthly allowance for support be increased, that appellant be required to pay for dental expenses, and for her attorney's fee and costs.

Trial resulted in the court's finding that the monthly payments for Katherine's support were sufficient and should not be increased, that the child "is in need of dental orthodontic treatment; and that, the respondent herein, Max J. Kuespert, Jr., is liable for and should be ordered to pay for such treatment as may be necessary," and decreed that appellant, Max J. Kuespert, Jr., "arrange and pay for, with any recognized dentist and orthodontist of his choice in the City of Little Rock, Arkansas, the treatment that is necessary for the minor child of the parties, Katherine Kuespert; that the respondent, Max J. Kuespert, Jr., pay to the petitioner's attorney, R. W. Laster, the sum of Fifty Dollars ($50) for his services; and that the respondent, Max J. Kuespert, Jr., pay to the petitioner all of her costs."

This appeal followed.

For reversal, appellant says: "There was not sufficient legal evidence before the court to justify the finding that orthodontic treatment was needed; . . . the husband was relieved in the original divorce decree, and the

wife impliedly assumed all maintenance expenses above $25 monthly, with two exceptions, neither of which is here involved," and "the allowance of attorney fees to the petitioner was contrary to law."

Our rule is well settled that it is both the legal and moral duty of the father to support his minor children in accordance with his means and ability. This obligation is required of him regardless of any court order. *McCall* v. *McCall*, 205 Ark. 1123, 172 S. W. 2d 677.

It appears that appellant does not seek to evade this responsibility of support within his means, but he insists that dental care and orthodontic treatments were not contemplated and assumed by him under the provisions of the divorce decree above.

There was testimony of the mother (appellee) to the effect that the child was in an unusual and urgent need of dental treatment, and that delay might injure her health, that orthodontic treatment was necessary also which would require an expenditure of $115. In fact, it appears that the child's immediate need is a number of extractions and fillings and that braces to straighten and realign her teeth should not be attempted until a later date.

On the evidence presented, we are unable to say that the Chancellor's findings, in effect, that immediate dental treatment for this child was required, that, in the circumstances, appellant should assume the reasonable expense therefor, commensurate with his apparently modest means, and ability to pay, were against the preponderance of the evidence; nor can we say that the father's obligation in this regard did not fall within the terms of the above provision in the divorce decree.

There was no error in allowing an attorney's fee of $50, in the circumstances. Our statute, § 34-1210, Ark. Stats. 1947, provides: "During the pendency of an action for divorce or alimony, the court may allow the wife maintenance and a reasonable fee for her attorneys, and enforce the payment of the same by orders and execu-

tions and proceedings as in cases of contempt, and the court may allow additional attorney's fees for the enforcement of payment of alimony, maintenance and support provided for in the decree.''

The fee allowed does not appear to be unreasonable.

Affirmed.