LIVELY *v.* LIVELY.

5-158                                             261 S. W. 2d 409

Opinion delivered October 19, 1953.

*Melvin T. Chambers,* for appellant.

*Shackleford & Shackleford,* for appellee.

MINOR W. MILLWEE, Justice. This appeal is from an order modifying a divorce decree by reducing monthly payments due appellant by appellee for the support of their 8-year-old son.

In a decree entered January 17, 1949, appellant was granted a divorce from appellee and given custody of their son. She was also awarded $100 per month for the support of the child. Shortly prior to the entry of the decree, the parties entered into a written ''Stipulation and Property Settlement'' in which appellee agreed, among other things, to pay $100 monthly for support of the child. The agreement also provided that in the event of a divorce, the parties ''respectfully request that the court approve this stipulation and that the terms hereof be incorporated into the final decree. . . .'' The written agreement was never filed with the court, nor was it expressly incorporated or referred to in the decree. However, the decree did provide for alimony and support payments in the amounts set out in the prior agreement of the parties. On September 25, 1952, appellee filed a petition pursuant to Ark. Stats., § 34-1213, to modify the decree of January 17, 1949, by reducing the monthly support payments for the child.

Appellant first contends the chancellor was without authority to modify the decree because it was based on the prior agreement of the parties. Our cases hold that where a decree for alimony or support is based on an independent contract between parties which is incorporated in the decree and approved by the court as an independent contract, it does not merge into the court's award and is not subject to modification except by consent of the parties. *Pryor* v. *Pryor,* 88 Ark. 302, 114 S. W. 700, 129 Am. St. Rep. 102; *McCue* v. *McCue,* 210 Ark. 826, 197 S. W. 2d 938; *Bachus* v. *Bachus,* 216 Ark. 802, 227 S. W. 2d 439. Although a court of equity may decline to enforce payments due under an independent agreement by contempt proceedings where changed circumstances render

such payments inequitable, the wife retains her remedy at law on the contract. *Pryor* v. *Pryor, supra.*

There is a second type of agreement in which the parties merely agree upon the amount the court should fix by its decree as alimony or support, without intending to confer on the wife an independent cause of action. This type agreement becomes merged in the decree and loses its contractual nature so that the court may modify the decree. *Holmes* v. *Holmes,* 186 Ark. 251, 53 S. W. 2d 226; *Wilson* v. *Wilson,* 186 Ark. 415, 53 S. W. 2d 990; *Seaton* v. *Seaton,* 221 Ark. 778, 255 S. W. 2d 954.

Since the agreement in the instant case merely requests the court's approval and was not mentioned in the decree, it must be concluded that it was merely advisory to the court in fixing the support payments and was not intended as an independent contract to make such payments. Moreover, the power of a court to modify a decree for the support of minor children cannot be defeated by an agreement between the parents even when the agreement is incorporated in the decree. 27 C. J. S., Divorce, § 322a. Although the court may adopt the agreement of the parents and incorporate it in the decree, it still has the power to modify the decree when it shall be made apparent that changed conditions make a modification necessary. *Kriedo* v. *Kriedo,* 159 Md. 229, 150 A. 720; *Troyer* v. *Troyer,* 177 Wash. 88, 30 P. 2d 963; *Messmer* v. *Messmer,* (Mo.), 221 S. W. 2d 521; *Harms* v. *Harms,* 302 Ky. 60, 193 S. W. 2d 407. It follows that the chancellor correctly held that the decree was subject to modification.

A more serious question is presented in determining whether there is sufficient proof of changed conditions since the decree to warrant a reduction of the monthly support payments from $100 to $65. We have held that the amount allowed for child support is subject to modification when required by the changed condition of the parties by increasing or reducing the amount according to the necessity of the one and the ability of the other party. *Watnick* v. *Bockman,* 209 Ark. 696, 192 S. W. 2d 131. Appellant contends that if the agreement is not binding as an

independent contract, then the amount for support of the child should be increased rather than decreased.

Both parties have remarried since the decree. Appellee now has a young stepdaughter to support, while appellant's present husband has two children by a prior marriage, and they have one child of their own. Appellee's income at the time of the divorce is not shown, but he has since been promoted to the rank of captain in the United States Army with a monthly income of $489.25. Appellee's only other financial change seems to have come about by his second marriage and his conversion to the Christian faith which entails payment of a tithe of $48 a month. As the child of the parties has grown older, the expense of his support has increased, and it does not appear that appellant's financial condition has improved materially since her remarriage.

While the original consent award may have been higher than the circumstances then warranted, we are of the opinion that there was insufficient showing of such changed conditions since the decree as would warrant a reduction of the monthly payments. The trial court's finding in this regard is, therefore, reversed as being against the preponderance of the evidence. The cause will be remanded with directions to reinstate the monthly support payments of $100 with all costs adjudged against appellee. In all other respects, the decree is affirmed.

Justice ROBINSON dissents as to reinstatement of the monthly payments of $100.