GRANT *v.* GRANT.

5-415                                          268 S. W. 2d 617

Opinion delivered May 31, 1954.

[Rehearing denied June 28, 1954.]

*Frances D. Holtzendorff,* for appellant.

*Lasley, Spitzberg, Mitchell & Hays,* for appellee.

ED. F. McFADDIN, Justice.   This appeal results from the effort of the husband to obtain a reduction in alimony and support money payments.   The Trial Court granted a reduction, and the wife has appealed.

Dr. and Mrs. Grant were married in February, 1942; and their one child, a daughter, was born in April, 1948.

In February, 1952, Dr. and Mrs. Grant separated; and on April 17, 1952, Mrs. Grant obtained a decree in the Pulaski Chancery Court, awarding her a limited divorce, and also recognizing the agreement the parties had made as to property division and the amounts Dr. Grant would pay for alimony and child support. The agreement as to property division appears to have been performed. Dr. Grant made the monthly payments of alimony and child support for several months; and then on September 18, 1952, he filed a motion to have the payments reduced. Mrs. Grant countered with a motion for payment of medical bills incurred. The Chancery Court reduced the monthly payments required of Dr. Grant from $353.00 to $250.00, and denied the motion for medical payments. Mrs. Grant has appealed.

What we said in *Lively* v. *Lively*, 222 Ark. 501, 261 S. W. 2d 409, is applicable here:

"While the original consent award may have been higher than the circumstances then warranted, we are of the opinion that there was insufficient showing of such changed conditions since the decree as would warrant a reduction of the monthly payments. The trial court's finding in this regard is, therefore, reversed as being against the preponderance of the evidence. The cause will be remanded with directions to reinstate the monthly support payments. . . ."

At the time the limited divorce decree was made in the case at bar on April 17, 1952, Dr. Grant was receiving a gross annual salary from the Veterans' Administration of $10,698.90; and at the time of the trial from which comes the present appeal, Dr. Grant was receiving a gross annual salary from the Veterans' Administration of $10,-949.90. In addition to this salary, Dr. Grant also had at both times a small income from some real estate in another State. Thus, as regards Dr. Grant's income, there has been no change in circumstances so as to justify a reduction in the agreed monthly payments.

Dr. Grant claims that since the divorce decree, Mrs. Grant has taken the child to California; and that such

fact constitutes a change in circumstances (a) in removal, and (b) in increasing Dr. Grant's expenses to enjoy his right of visitation with the child. But the agreement between Dr. and Mrs. Grant—as contained in the decree—specifically recognized that Mrs. Grant might take the child from the State of Arkansas, and that Dr. Grant's payments would be $353.00 per month under such circumstances. As regards these matters, the decree recites:

"The parties have further agreed that in the event the plaintiff should move out of the State of Arkansas, the defendant will travel to the city and state where the said plaintiff and minor child are then residing at his own expense for the purpose of visiting with said minor child if he cares to do so. . . . .

"In the event plaintiff and said minor child move out of the State of Arkansas and cease to occupy the dwelling house described hereinabove, then the defendant has agreed to pay to the plaintiff for her support and maintenance the sum of $176.75 per month, together with an additional sum of $176.75 a month for the support and maintenance of said minor child, making a total of $353.00 [1] each and every month until further orders of this court."

From these quoted excerpts, it is clear that Dr. Grant agreed to the monthly payments with the knowledge of the possibility of removal and his increased expenses for visitation; so he cannot be heard to urge these matters as beyond the contemplation of the parties, or as changed circumstances sufficient to justify a reduction of the monthly payments.

Again, Dr. Grant claims that his personal expenses —since the divorce—have been so large as to exhaust his surplus; and he urges such fact as a reason for reducing the monthly payments. But we observe that most of his personal expenses are within his power of control. He cannot urge the items he mentions as sufficient to justify

---

[1] It is evident that the figures of $176.75 should have been $176.50 in each instance.

a reduction of the monthly payments on the claim of change of circumstances.

We conclude that Dr. Grant has failed to show any such change of circumstances as would entitle him to have the payments reduced. This conclusion makes it unnecessary for us to discuss or decide (a) whether the original agreement between Dr. and Mrs. Grant was a contract within the rule of *Pryor* v. *Pryor,* 88 Ark. 302, 114 S. W. 700, 129 Am. St. Rep. 102, and not subject to modification, or (b) whether such agreement between Dr. and Mrs. Grant was within the rule of *Holmes* v. *Holmes,* 186 Ark. 251, 53 S. W. 2d 226, and subject to court modification. We pretermit any discussion or decision of that issue.

Mrs. Grant's claim for additional money for medical expenses is denied; but all costs are taxed against Dr. Grant; and Mrs. Grant's attorney is allowed $100.00 for services in this Court, and such amount will also be taxed as costs. The decree of the Chancery Court is reversed and the cause remanded, with directions to reinstate the monthly payments of $353.00, and for further proceedings in accordance with this opinion.

Justices ROBINSON and GEO. ROSE SMITH concur.

GEORGE ROSE SMITH, J., concurring. I agree that the decree must be reversed, but I would rest that action upon the ground that the contract between the parties is not subject to the modification now requested by the appellee. A decision upon that ground seems to me to be desirable, since it would prevent the appellee from making in the future fruitless applications for a reduction in alimony.

It is contended that the contract can be modified by the court for the reason that it provides for certain monthly payments ''until further orders of this court.'' But the agreement also provides that if the appellee's earnings should materially increase, the payments to the appellant will be proportionately increased by mutual agreement, or, if the parties cannot agree, the amount of the increase will be determined by the court. Read as a whole, the contract contemplates the possi-

bility that the amount of the payments may be revised upward but not downward. Hence the clause now relied upon by the appellee does not, in my opinion, empower the chancellor to reduce the amount of alimony upon a finding that conditions have changed.

ROBINSON, J., joins in this opinion.