BOSTIC *v.* BOSTIC.

5-1582                                    313 S. W. 2d 553

Opinion delivered June 2, 1958.

*J. Harrod Berry,* for appellant.

*Langston & Walker,* for appellee.

J. SEABORN HOLT, Associate Justice. Appellee, Rose Ellen Bostic, secured a divorce from appellant, John Elmo Bostic, August 13, 1954. She was also awarded the care and custody of their two minor children, John Scott Bostic 9 years of age and Danny Gene Bostic, 6. The decree also contained this recital: "The defendant shall pay through the office of the Master in Chancery the sum of $40.00 on the 15th day of August, 1954, and the sum of $40.00 on the 1st day of September, 1954, and a like amount on the first and fifteenth days of each and every month thereafter until such further order of this court, said sums to be for the support of the children herein and alimony for the plaintiff."

Both parties have remarried since the divorce decree. On March 8, 1957, appellant sought to have the decree modified by reducing the alimony and child support allowance to $40 per month, alleging "changes in circumstances of both parties" such as would warrant modification. Trial resulted in the denial of appellant's petition and the decree directed that "The defendant, John Elmo Bostic, shall henceforth pay to the

plaintiff for the use and benefit of the minor children the sum of $80.00 per month. Said sums shall be for the support of the minor children of these parties." This $80 per month was to be paid $40 on the first and $40 on the fifteenth of each month. It appears that appellant has not failed to make these payments in accordance with the court's order. From that decree is this appeal.

For reversal appellant contends that the trial court erred in refusing to reduce the child support payments because of: "The remarriage of appellee and her improved financial circumstances; and the decreased earnings of appellant, his worsened financial circumstances, and his remarriage."

We find no error in the decree of the trial court. Our rule is well settled that it is both the legal and moral duty of the father to support his minor children in accordance with his means and ability during their minority, and this obligation is required of him even without a court order. See *Kuespert* v. *Roland,* 222 Ark. 153, 257 S. W. 2d 562.

The evidence discloses that appellee lives with her new husband within the city limits of Arkadelphia. They own a small garden plot of 30 feet x 70 feet and 96 acres of pasture land and rent about 400 acres of farm land. They own no passenger car but do own a Chevrolet truck (1949 or '50 model). The record appears to be silent as to the income of appellee or her husband. Generally the remarriage of both husband and wife (as here) to third persons is not within itself regarded as a sufficient change in circumstances as would require a modification of the allowance for child support and maintenance. "The fact that a divorced husband has remarried or was contemplating remarriage is not alone ground for reducing the amount of the allowance, although it is a circumstance that may be considered in weighing the equities of the situation, and the same rule applies to the remarriage of the wife, at least in the absence of an assumption by the second husband of any obligation to support the children of the first

marriage; nor is the remarriage of both husband and wife to third persons, in itself, regarded as such a change of circumstances as requires a modification of the allowance,'' 27 C. J. S. Divorce, Sec. 322, p. 1245. It appears undisputed that appellant was earning more money after his remarriage, and at the time of the decree in the present case, than he was at the time the divorce decree was granted. For a number of years appellant has been employed by the Rock Island Railroad, and is now so employed. His take home pay is approximately $260 per month. At the time Mrs. Bostic divorced him he was receiving approximately $240 per month, so that at the present time he is earning about $20 more per month, than at the time the divorce decree was granted. He and his present wife operate a rooming house, from which they net about $15 per month, after paying rent of $75 per month. Appellant, in August 1956 following his remarriage, purchased a new 1956 ''Ford Fairlane'' and obligated himself for installment payments of $72.68 per month on the Ford. Appellant has no children by his present wife. It, thus, appears that appellant's financial condition is better now than it was at the time of the divorce decree. Of significance is the fact that appellant's obligation in the purchase of a new car with payments of $72.68 per month is just $7.32 less than his obligation, under the court's decree, of $80 per month for the support of his children. As indicated, his first obligation was to these children.

Upon consideration of all the evidence presented we hold that the chancellor's findings, that there were no changed conditions such as would warrant a reduction in the child support payments, are in accordance with the preponderance of the testimony. See *Wilson* v. *Wilson,* 186 Ark. 415, 53 S. W. 2d 990. Affirmed.