GREEN *v.* GREEN.

5-2260                                              341 S. W. 2d 41

Opinion delivered December 12, 1960.

*Langston & Walker* by *Wayne Foster,* for appellant.

*Joe E. Purcell,* for appellee.

CARLETON HARRIS, Chief Justice. Appellant, Iva D. Green, married appellee, Hubert B. Green, in February, 1931. Sometime in 1946, the parties hereto adopted a male child, nine days old, whose name is Hubert William Green. In October, 1958, appellee instituted suit against appellant for divorce. Appellant entered her appearance, but did not contest the action. Appellee's complaint, *inter alia,* alleged:

"The parties are the parents of an adopted child, Hubert William Green, now twelve (12) years of age and in the custody of defendant, who desires his custody and plaintiff feels that defendant is the proper person for his care and custody, and further feels that he should be required by order of this Court to pay into the registry of this Court for the maintenance and support of said minor child the sum of $25.00 per month, and should also pay into a trust fund account in some bank to be selected by the defendant the sum of $25.00 per month to provide an educational fund for said minor child."

The divorce was granted, and the decree included the provision:

"* * * that plaintiff should contribute into the registry of this court the sum of $25.00 per month for the maintenance and support of said child, and an additional sum of $25.00 per month into some bank, to be selected by the defendant, as an educational fund for said child."

In November, 1959, Mr. Green filed a petition alleging that Mrs. Green had taken the minor child from the State of Arkansas, thus depriving him of reasonable visitation rights; that he had remarried since the decree of divorce, and was now required to support a wife and step-daughter, as well as his mother; that he was unable financially to pay the $25 each month into the educational fund as provided in the original divorce decree, and prayed the court to modify the decree by eliminating the provision requiring the payment of said sum into an educational fund. Appellant responded, denying that she had deprived appellee of visitation rights with the boy, and alleging that Mr. Green was in arrears in the amount of $75 in his payments to the educational fund, and seeking judgment for that amount. She further asserted that the $25 for maintenance was insufficient, and prayed the court to increase the allowance. On hearing, the court discontinued the requirement for the payment of the $25 to the educational fund, and denied the motion for an increase in support and maintenance payments.

From such order of the court, appellant brings this appeal.

Of course, it is necessary that appellee show a change in circumstances before being entitled to a reduction; for instance, his income is reduced, or increased obligations leave him less able to comply with the requirements of the original decree. We do not think such a change was shown. Mr. Green did not testify relative to the amount of money he was making at the time of the divorce, but Mrs. Green stated that, due to an injury he had received, he was drawing $100 per month workmen's compensation. At the time of the hearing, Mr. Green had been an employee of the State Hospital for the past two years, and lived at the hospital. His testimony reflects that he earned $284 per month from this job, and obtained free rent and utilities; in addition, he received a veteran's disability check of $52 each month. His present wife had an income of $170 per month, and his mother received $41 per month. Though the record does not reflect Mr. Green's job income at the time of the divorce, it would appear from this record that he is perhaps even better off financially, since he was only drawing $100 a month at the time of the decree, and, by his own admission, was not at that time receiving free rent and utilities. Appellee mainly relies upon the fact of his remarriage to justify a modification of the decree. In *Bostic* v. *Bostic,* 229 Ark. 127, 313 S. W. 2d 553, this Court, in quoting from 27 C. J. S., Divorce, § 322, p. 1245, said:

"The fact that a divorced husband has remarried or was contemplating remarriage is not alone ground for reducing the amount of the allowance, although it is a circumstance that may be considered in weighing the equities of the situation; and the same rule applies to the remarriage of the wife, at least in the absence of an assumption by the second husband of any obligation to support the children of the first marriage; nor is the remarriage of both husband and wife to third persons, in itself, regarded as such a change of circumstances as requires a modification of the allowance."

Certainly, the remarriage is not a ground for modification in this case; the record reflects that Mr. Green married his present wife shortly after obtaining the divorce,[1] and was well aware, at the time he asked the court, through his complaint, to enter the educational fund provision, that he was fixing to assume additional obligations, viz., a second wife and a step-daughter. In *Wilson* v. *Wilson*, 186 Ark. 415, 53 S. W. 2d 990, a divorced husband sought reduction of an award for support of the ex-wife and two minor children. The facts in that case were far stronger for reduction than the present one, in that it was established that the appellant's salary had been reduced, and that one of the minor children, a daughter, had married. The Chancellor refused to grant a reduction, and on appeal, we affirmed the decree.

Appellee also argues that appellant's financial condition has improved considerably since the divorce, since she was unemployed at that time, and attending school, while presently, she is employed in Oklahoma City, having net earnings of $170 per month. Of course, this fact does not relieve Mr. Green of his obligation to the boy, particularly when it appears that he is financially able to comply with the decree. Appellee also makes reference to an alleged agreement at the time of the adoption of the child, which he asserts should relieve him of the payment to the educational fund. We find no merit in this contention. Appellee's obligation to this boy is the same as though it were his own natural child.

Likewise, the child should not be deprived of the opportunity to obtain an education because appellant removed him to Oklahoma. This was done, according to Mrs. Green, because she could obtain higher wages in Oklahoma City. Mr. Green complains that though he

---

[1] From the testimony of Mr. Green during cross-examination: "Q. How soon did you remarry? A. Just as soon as the law allows. Q. And this woman had a daughter when you married her? A. Yes, sir. Q. You had already made an obligation to pay $50.00 a month to the defendant at that time? A. Yes, sir. Q. And you were represented by Counsel at the time the divorce was granted? A. That is right. Q. Whose idea was it about this educational fund? A. It was mine when she insisted."

has extended invitations to the boy to visit him here in Arkansas, such visits have not been made, and implies that appellant has alienated the affection of the child for appellee. Appellant testified that Hubert William was very fond of Mr. Green, but the child did not want to go to appellee's home. She insisted that she had not kept the boy away, but had, to the contrary, told him that he might visit Mr. Green whenever he wanted to. The evidence leaves some doubt as to appellee's actual desire to visit with the child, since the testimony reflects that the boy visited in Little Rock for three weeks in the summer of 1959, and Mr. Green only visited with him one time. Certainly, appellee is entitled to have the child visit him at a time when the boy is not in school, and, if he (Green) desires such visits, and will furnish costs of transportation, the Chancery Court can be petitioned for this purpose. Except for the fact that the youngster is away from the state, we would give consideration to increasing the allowance for maintenance.

The decree is reversed, insofar as it relates to relieving appellee of the payment to the educational fund, and the cause is remanded with directions to reinstate the $25 monthly allowance for the educational fund for Hubert William Green, together with judgment for any unpaid amounts that may have accrued; in all other respects, the decree is affirmed.

Appellant's attorneys seek an additional fee for services rendered on this appeal, and because of the findings herein contained, and the further fact that the attorneys have only received a $50 fee, we are of the opinion that an additional attorneys' fee of $50 should be allowed.

It is so ordered.