**In re William W. DRAPER, III, Debtor-in-Possession.**

**No. HE84–036M.**

United States Bankruptcy Court,
E.D. Arkansas,
Helena Division.

Jan. 31, 1985.

Gregory M. Hopkins, Little Rock, Ark., for debtor-in-possession.

James R. Van Dover, Marianna, Ark., for Deborah Draper.

ORDER

JAMES G. MIXON, Bankruptcy Judge.

William W. Draper, III, filed a voluntary petition for relief under the provisions of Chapter 11 of the Bankruptcy Code on May 23, 1984. The debtor's former wife, Deborah B. Draper, was listed as a creditor because of the continuing obligations to herself and her minor children arising out of a decree of divorce entered on December 1, 1982 by the Chancery Court of St. Francis County, Arkansas, The Honorable John M. Pittman, presiding. In that divorce decree the parties caused to be incorporated a comprehensive child custody and support agreement. It was stipulated that, except as to the provisions in paragraph 2 relating to direct child support payments, the other terms of the agreement, including those terms set out in paragraph 6, were in the nature of a contract. On January 4, 1984 a hearing was held in the Chancery Court of St. Francis County wherein the former wife sought enforcement of the agreement and wherein the former husband sought modification of the decree upon changed circumstances. In particular, the former husband sought reduction of the direct child support payments provided for in paragraph 2 and also sought to absolve himself completely of his future obligations under paragraph 6. This paragraph provides as follows:

6. EDUCATION OF CHILDREN. Being presently enrolled in Presbyterian Day School ("P.D.S."), which offers classes for grades one through six, and anticipating enrollment in Christian Brothers High School ("C.B.H.S."), which offers classes for grades nine through twelve, the parties recognize no planned enrollments when the children attend

grades seven and eight. While enrolled at P.D.S. and C.B.H.S., husband will pay the children's tuition, fees, books, and other expenses incidental to those enrollments. While enrolled for grades seven and eight, husband will pay not in excess of $2,000 per child per year for the same expenses. The illustrations used herein are to establish the standards of husband's obligation, not to limit the educational opportunities of either child.

The obligation for the children's education shall extend through college enrollment, including enrollment in a technical school of either child's choice, provided that husband shall pay not only the children's tuition, fees, books and other expenses incidental to enrollment, but also their room and board. The standard for husband's obligation at this level shall be that charged by the primary university of the state in which the enrolled child resided at the time of his graduation from the twelfth grade, i.e., the University of Tennessee at Knoxville if the child resided in Tennessee, the University of Arkansas at Fayetteville if the child resided in Arkansas.

The chancellor found that the child support agreement incorporated in the decree was contractual in nature, and, therefore, under Arkansas law not subject to modification regardless of how the circumstances may have changed except as to direct child support required in paragraph 2. The chancellor then reduced the direct child support payments from $800 to $400 per month. These payments are for the support of two children, ages 14 and 11. The court declined to absolve the husband of his continuing obligations to pay the educational expenses required of him under paragraph 6 and by inference, at least, must have considered these payments to be other than payments for child support. The debtor then filed this bankruptcy petition on May 23, 1984, and thereafter filed a motion seeking authority to reject the child support agreement as an executory contract pursuant to 11 U.S.C. § 365. The motion to reject is opposed by Deborah Draper. The proof at the trial was clear that the debtor presently has no resources or income to pay for the educational expenses called for in paragraph 6 and also meet his obligations to pay child support and pay for other reasonable expenses necessary for his own support. For the reasons stated hereinafter, the motion is denied.

▮▮▮ Under Arkansas law, jurisdiction over divorce matters is vested in the Chancery Court. *Ark.Stats.Ann.* 34–1201 (Repl.1962); *Jackson v. Jackson*, 253 Ark. 1033, 490 S.W.2d 809 (1973). Matters arising out of divorce proceedings concerning the care, custody, and support of minor children have long been subject to the control and supervision of the Chancery Court. The Chancery Court has the power to modify a prior decree for the support of minor children which the parties cannot defeat by contract. *Lively v. Lively*, 222 Ark. 501, 261 S.W.2d 409 (1953); *Reiter v. Reiter*, 225 Ark. 157, 278 S.W.2d 644 (1955). However, the rule has developed in Arkansas that while agreements for child support are always subject to modification upon a proper showing of changed circumstances, the same is not necessarily so with regard to alimony. If a decree awarding alimony is based on an independent contract between the parties which is incorporated into the decree it does not merge into the court's award and is not subject to modification, except by consent. On the other hand, if the parties merely agree upon the amount the court should award without intending to confer upon the wife an independent cause of action the agreement is merged in the decree and modifiable. *Lively v. Lively, supra; Law v. Law*, 248 Ark. 894, 455 S.W.2d 854 (1970).

▮▮▮ The Arkansas rule is a minority rule, and its application often causes unreasonable and inequitable consequences and has been criticized. *See, Law v. Law, supra*, (Fogleman, J., dissenting). The obligor under such an unmodifiable decree, even if totally destitute, gets no relief in bankruptcy because such obligations, whether for child support or spousal sup-

port, are nondischargeable under either Chapter 7, 11, or 13. *See,* 11 U.S.C. § 523(a)(5); 11 U.S.C. § 1141(d)(2); 11 U.S.C. § 1328(a)(2). *See, also, Boyle v. Donovan,* 724 F.2d 681 (8th Cir.1984).

██ This Court is asked to approve the rejection of the separation, support, and property settlement agreement entered into by the parties since the Chancery Court found this agreement to form the basis of his opinion that the obligation to pay for the children's education was not modifiable. With great deference to the opinion of the chancellor, this Court construes the obligation due under paragraph 6 for the education of the children to be in the nature of child support which is subject to modification under applicable state law notwithstanding the contract of the parties. *Lively v. Lively, supra, Riegler v. Riegler,* 259 Ark. 203, 532 S.W.2d 734 (1976); *Matthews v. Matthews,* 245 Ark. 1, 430 S.W.2d 864 (1968). These payments are not for the benefit of the wife. If the chancellor is incorrect, as this Court thinks he is, the proper remedy is by appeal from that decision, not application for relief from this Court.

██ To permit rejection of this agreement in this Court would accomplish nothing, assuming the contract is indeed executory. If the debtor-in-possession was permitted to reject the contract, then the former Mrs. Draper would have a nondischargeable claim for damages for breach of contract the amount of which is easily ascertainable.[1] *In re Waldron,* 36 B.R. 633 (Bkrtcy.S.D.Fla.1984); *See,* 11 U.S.C. § 365(g)(1) and 11 U.S.C. § 502(g); 11 U.S.C. § 523(a)(5) and 11 U.S.C. § 1328(a)(1). This Court is not bound to authorize the rejection of an executory contract simply because the debtor makes application and the contract is executory. Some courts require a showing that the

contract is burdensome while others say the court should defer to the business judgment of the debtor. *See,* 2 *Collier on Bankruptcy* ¶ 365.15 (15th Ed.); *In re Waldron, supra.* But, here, a rejection of the contract of the parties would not alter the divorce decree which provides a basis for a claim for post confirmation liability. The Chancery Court's jurisdiction to enforce its own decree by fine or contempt or to impose more rigorous requirements, would remain unaltered. While this Court would, I think, have the power to effectively circumvent the state court's authority by imposing an affirmative injunction on Mrs. Draper under 11 U.S.C. § 105(a), it would be an unwise and improvident thing to do. The children's right to require their father to provide them an education is a matter for the state courts. For instance, in the future if the debtor is financially able and other circumstances warrant, a Chancery Court may well desire to require the debtor to educate his children in a more elaborate fashion or do other things for their future success. Parents cannot by a contract limit the court otherwise. *Lively v. Lively, supra.* The motion is denied.

---

1. Under Chapter 11 the fixing of the total amount of this claim could become even more onerous. The debtor's Chapter 11 plan would have to provide for payment of the present value of the full amount of the claim if the debtor is to receive anything under the plan, unless the class in which this claim is placed voted to accept less, which is unlikely. *See,* 11 U.S.C. § 1129(b)(2)(B)(i), (ii). This means interest at the market rate is added to the principal debt if the claim is to be paid in installments. *See,* 5 *Collier on Bankruptcy* ¶ 1129.03 (15th Ed.)