In re Frank G. LAWSON, Debtor.

Susanna C. LAWSON, et al., Plaintiff,

v.

Frank G. LAWSON, Defendant.

Bankruptcy No. 91–10262–AT.
Adv. No. 91–1072.

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Feb. 26, 1992.

H. Jason Gold, Dominique V. Sinesi, Gold & Stanley, P.C., Alexandria, Va.

Wm. Bruce Gair, Porter & Gair, Fairfax, Va., for debtor.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

Trial was held in this adversary proceeding on November 20, 1991, at which time the court took the matter under advisement. There are two interrelated issues to be decided. Briefly stated, the first issue is whether a contract executed by the debtor and his wife, which transfers all jointly owned real property to a trust upon divorce, is an executory contract. Secondly, if the contract is executory, the court must decide whether it may be rejected. For the reasons given in this memorandum opinion I have determined that the contract is executory and that the debtor may reject it.

### Findings Of Fact

The debtor and his wife own jointly five parcels of real estate. The wife's parents advanced substantial funds for either the down payment or purchase of all five properties. Some time after the purchases, the debtor and his wife executed promissory notes totaling several hundred thousand dollars evidencing the debt.[1]

On June 16, 1981, the debtor and his wife entered into a post-nuptial agreement, which states that in the event of divorce all real property owned jointly shall be transferred to the California First Bank, to be held in trust for the benefit of the children and their heirs. The terms of the trust provide for proper support, care, maintenance and education of the children and their heirs. The corpus of the trust is to be divided in equal shares and distributed to the children in thirds as they reach the ages of twenty-five (25), thirty (30), and thirty-five (35).

The debtor and his wife filed for divorce on August 17, 1990. Subsequently, the debtor filed a chapter 11 petition just one day prior to a scheduled hearing on the Commissioner in Chancery's findings of the grounds of divorce. The state court proceeding was stayed pursuant to Bankrupt-cy Code § 362 before a final decree could be issued.

Debtor seeks to reject the post-nuptial agreement, arguing that his continued liability on the notes warrants retention of the bankruptcy estate's interests in the property. He maintains that if allowed to reject the agreement he can sell the properties and pay off all his debts.

The plaintiffs, debtor's wife and two children, seek enforcement of the agreement alleging that it creates a debt in the nature of maintenance and child support which is nondischargeable in bankruptcy. 11 U.S.C. § 523(a)(5). They contend that the contract is not executory and that even if it is it cannot be rejected because the debt is non-dischargeable.

### Discussion And Conclusions Of Law

■ The trustee, subject to the court's approval, may assume or reject any executory contract. 11 U.S.C. § 365(a). The first question is whether this post-nuptial agreement constitutes an executory contract. The Fourth Circuit has adopted Professor Countryman's definition of executory contract as one "under which the obligation of both the bankrupt and the other party to a contract are so far unperformed that the failure of either to complete performance would constitute material breach, excusing the performance of the other." Countryman, *Executory Contracts in Bankruptcy*, 57 Minn.L.Rev. 439, 460 (1973); *Lubrizol Enterprises, Inc. v. Richmond Metal Finishers*, 756 F.2d 1043, 1045 (4th Cir.1985), *cert. denied* 475 U.S. 1057, 106 S.Ct. 1285, 89 L.Ed.2d 592 (1986). This agreement between the debtor and his wife is executory because performance is required by both parties only in the event of divorce, which has not yet occurred. Regardless of the imminence of divorce, a final decree has yet to be entered.

■ The second question is whether the debtor may reject this executory contract. The Fourth Circuit has adopted the "business judgment" test as the appropriate

---

1. The exact amount owed to Mrs. Lawson's parents, Chan Ying and Ngar Nam Chung, is unclear from the evidence and exhibits presented at trial. However, the debtor's schedules list debts of approximately $322,193.36 to Mrs. Lawson's relatives.

standard in determining whether to permit a debtor to reject an executory contract. *Lubrizol Enterprises, Inc. v. Richmond Metal Finishers*, 756 F.2d 1043, 1047 (4th Cir.1985), *cert. denied* 475 U.S. 1057, 106 S.Ct. 1285, 89 L.Ed.2d 592 (1986). Under the business judgement test a court should approve the debtor's proposed rejection if such rejection will benefit the estate. A court will defer to a debtor's determination that rejection of a contract would be advantageous unless that decision is clearly erroneous. *Id.* at 1047.

Plaintiffs cite *In re Draper*, 48 B.R. 37 (Bankr.E.D.Ark.1985), *aff'd*, 790 F.2d 52 (8th Cir.1986), for the proposition that a debtor may not reject a contract in the nature of child support. However, in *Draper* the contract at issue represented an existing and continuing obligation for support which had already been given effect by the state court. In the present case, the debtor's "obligation" has not yet been determined by the state court. Moreover, the contract itself does not impose any obligation upon the debtor until a divorce occurs. Rejection of this executory contract does not preclude plaintiffs from seeking award of support and maintenance in the divorce proceeding.

Therefore, the court finds that the debtor's rejection of this executory contract is within the exercise of his reasonable business judgment. Accordingly, rejection will be allowed.