COURTNEY HUDSON GOODSON, Justice, dissenting. In this case, the majority declares that the circuit court made an error of law but nonetheless affirms, apparently holding that the error was harmless because the court gave additional reasons for denying the petition to increase child support that Tammye does not challenge on appeal. Despite the majority’s assertion that Tam-mye does not contest all of the circuit court’s findings, Tammye does present argument challenging the entirety of the court’s ruling, and none of the reasons offered by the circuit court to deny relief warrant an affirmance of the decision. In my view, this court should reverse and remand for the circuit court to consider the evidence with a renewed understanding of the law and to determine whether the amount of child support |7should be modified. Therefore, I respectfully dissent. The record reflects that, two months after the entry of the consent decree, Tam-mye filed the first of four motions for contempt seeking to enforce the terms of the decree. During the course of discovery, she uncovered Justin’s fraudulent scheme to hide assets as well as income generated from Hall Engineering. In its order, the circuit court made extensive findings detailing the extent of Justin’s admitted fraud that was revealed during the course of several hearings and a three-day trial.[1] At least eleven undisclosed bank accounts were discovered. Justin hid money in the reserve account of the law firm of his father, John Wesley Hall, Jr., which had prompted the circuit court to appoint a special master.[2] Justin also manipulated his girlfriend into opening yet another account in which to hide money. In addition, he withheld checks for deposit until after the operative date of the parties’ agreement, December 21, 2009. While in the midst of exposing Justin’s deceit, Tammye also moved for an increase in child support. In this motion, she alleged that there had been a material increase in Justin’s income from Hall Engineering. Alternatively, she asserted that the agreed-upon amount of support was based on fraudulent figures provided by Justin. On the issue of child support, Tammye testified that, in agreeing to forgo consideration of Justin’s income from Hall Engineering in setting child support, Justin had provided a spread sheet reflecting a gross income of $80,000 earned in 2008. She said that Justin told her that 18this amount did not take into account his expenses and that Justin represented that the business did not make any money. Tammye stated that the $80,000 figure was completely fraudulent and that the bank records now show a gross income of $137,000 for 2008. Tammye also testified that in 2009 the business had gross receipts of $151,000. From that amount, she deducted the expenses of $29,000 that Justin had claimed on his tax return to arrive at a net income of $122,000 for 2009. Tammye further testified that in 2010 she located gross deposits for Hall Engineering in the amount of $283,000. Again, she deducted Justin’s claimed expenses of $52,031 to reveal a net income of $230,969 for 2010. In addition to her testimony, Tammye offered an exhibit to tally the amount of child support using the above-mentioned figures. Consistent with Arkansas Supreme Court Administrative Order No. 10(III)(c), she averaged the net income for 2009 and 2010 to arrive at a child-support amount of $3,021.50 per month based on income from Hall Engineering. In denying Tammye’s request for an increase in support, the circuit court found as follows: 90. The Plaintiff argues that she is entitled to an increase in child support based upon Defendant’s income from Hall Engineering and his other businesses, excluding his Falcon Jet income. The Plaintiff contends that had she known the Defendant’s income was so great, she would not have agreed to accept $715 per month as child support which is used for the children’s tuition. 91. It appears that the Defendant’s income from Hall Engineering and his other businesses are substantial. In fact, it has been demonstrated to the Court in a convincing fashion that the Defendant concealed at least $125,000 and possibly more, that is attributable as income to sources other than Falcon Jet. On the other hand, however, the Plaintiff was aware of the difficulty in determining the income of Hall Engineering when the Decree was entered into in 2010. The Court cannot determine if the amount of money that the Defendant concealed from the Plaintiff are regular sources of income or one time payments, and notes that the funds were 19derived in at least 2009 and 2010. Tammye argues on appeal that the circuit court erred in denying her motion for an increase in child support. In making this argument, she contends that the circuit court erred as a matter of law in ruling that whether the funds were “regular sources of income or one time payments” has some bearing on the calculation of child support. Tammye’s argument has merit, and the majority agrees, citing a number of our previous decisions and holding that this court has not drawn a distinction between ongoing income and one-time income for purposes of calculating income in setting child support. Despite this clear error, the majority affirms the circuit court’s decision because the court gave two other reasons for denying the motion. These findings are that Tammye was aware of the difficulty in determining Justin’s income from Hall Engineering and that some of the discovered funds were derived in 2009 and 2010. The majority asserts that Tammye does not challenge those findings. However, Tam-mye’s argument does encompass those findings, and she has shown that these findings cannot withstand scrutiny. Citing Rockefeller v. Rockefeller, 335 Ark. 145, 980 S.W.2d 255 (1998) (Imber, J., concurring) (citing Lively v. Lively, 222 Ark. 501, 261 S.W.2d 409 (1953)), she correctly points out that her agreement to forgo consideration of Justin’s income from Hall Engineering is not binding on the circuit court because a court always has the authority to modify child support, even if the parties have entered into an agreement. In arguing for reversal, Tammye also relies heavily on her testimony and the evidence she produced to show that Justin’s income from Hall Engineering doubled between 2009 and 2010. Although the circuit court deemed it | mirrelevant that Tam-mye’s proof included income earned in 2009 and 2010, the hearing in this case took place in 2011, and the operative date of the parties’ agreement was December 2009. Obviously, it was incumbent on Tammye to present evidence of Justin’s earnings in 2009 to establish his income as of the date of the property-settlement agreement and to submit evidence of his income in 2010 in an effort to show a change in circumstances. The record in this case is voluminous, spanning several hearings and a three-day trial. It took a Herculean effort to unravel Justin’s deceit and to produce an accounting of Justin’s income. Tammye has met her burden on appeal to demonstrate the circuit court’s error, and justice demands that this matter be put to rest. Given the circuit court’s error, this court should reverse and remand for the circuit court to consider the evidence, to ascertain Justin’s income, and to determine whether there has been a material change in circumstances to justify modifying the amount of support. CORBIN and BAKER, JJ., join. . Upon questioning by the circuit court, Justin openly declared that he "did have to play games to hide money from her, but it’s because she was spending it like mad.” . The circuit court found that Justin’s father did not participate in any wrongdoing.