MITCHELL *v.* MITCHELL.

5-2688                                   357 S. W. 2d 646

Opinion delivered June 4, 1962.

*Bernard Whetstone,* for appellant.

*Spencer & Spencer,* for appellee.

JIM JOHNSON, Associate Justice. This is an application by the appellee, Stanley G. Mitchell, for a decrease in the amount of alimony which was awarded his former wife in a divorce decree rendered July 21, 1950. From an order suspending future alimony payments conditioned as follows: "Until further orders of this court; said payments being by this Decree suspended indefinitely and until conditions change to the extent that payments can be resumed," appellant, Mary Myrtle Mitchell, prosecutes this appeal, arguing only that the court erred in modifying the decree.

In the original divorce decree appellant was awarded alimony in the sum of $50.00 per month, together with $5,500.00 in cash as a settlement of her rights in the property of appellee.

Appellee filed this action to modify the provisions of the decree relating to alimony on April 19, 1961, and contends that there has been such change in conditions

since the time of the original decree as to justify the granting of the relief sought.

The original decree recited the grounds for divorce to be three years' separation and the cause of the separation to be the wrongful conduct of the appellee.

The parties were in their fifties and the parents of two grown children at the time of the divorce. Appellant was unemployed and had no income of any kind from any source; appellee was living in a building which housed a box and crate manufacturing company which he owned; he was single and had minimum living expenses. His income was $3,200.00 per year.

Since the divorce appellant has never remarried and lives alone. She took a business course and after about two years was able to obtain a job. At first she made $150.00 per month, she has had raises since then and for the past two years she has earned a gross of $235.00 per month, with take-home pay of $185.00 to $188.00 per month. Her $5,500.00 settlement has dwindled to $3,022.00. She lives in a rented house and owns no automobile. She is 63 years of age and suffers from arthritis in her hands, which are vital to her employment. Even though there was some evidence to the contrary, appellant testified that her income was insufficient to pay all her living expenses.

Within about a year following the divorce appellee remarried. His living expenses at the time of the hearing on the petition to modify were around $250.00 per month. He admitted to reporting for the year 1960 (last year preceding modification) taxable income in the amount of $3,276.76. He owned, among other things, a $30,000.00 apartment house; a partnership in some stripper oil wells and a vending machine which produced $725.00 per year.

To minimize this rather substantial financial picture, appellee introduced some evidence indicating that his prospects for future income were less favorable than they had been in the past and that he was at the time of

the trial suffering financial difficulties. Because of the nature and extent of these difficulties we agree with the Chancellor that appellee is entitled to some relief. However, in weighing the equities of the whole case before us on trial *de novo,* we find that the proof of changed conditions is insufficient to warrant a suspension of the full alimony payments. In our view, a $25.00 per month reduction in the alimony payments is the most than can be justified by appellee's proof of changed conditions. The Chancellor's order will accordingly be modified to fix appellant's monthly alimony at $25.00, with appellee to pay the cost. See *Haney* v. *Haney,* 235 Ark. 60, 357 S. W. 2d 19.