O'KANE v. LYLE.

Opinion delivered April 3, 1916.

1. DIVORCE—ALIMONY—SUPPORT OF CHILD—CHANGE IN DECREE.—Plaintiff procured a divorce from defendant, her husband, obtaining the custody of their only child. At the time the decree was rendered the court awarded to plaintiff a one-third interest in a certain farm belonging to defendant, which was his only property, the rental value of which one-third interest being about $3,200 per annum. Thereafter, upon plaintiff's petition, the court awarded plaintiff $25 per month for tre support of the child. *Held*, the chancery court should not have made the order, there being no evidence of any change in the circumstances of the parties.

2. DIVORCE—MONEY AWARD—JURISDICTION TO CHANGE.—The original decree in divorce proceedings awarding certain money as alimony, will bar a further award of money, until there has been a change in the circumstances of the parties.

Appeal from Franklin Chancery Court, Ozark District; *W. A. Falconer,* Chancellor; reversed.

*J. D. Benson, Davis Partain, J. V. Bourland* and *J. D. Arbuckle,* for appellant.

1. No change of circumstances was shown and the matter is *res adjudicata*. 55 Ark. 286; 66 *Id*. 336; 96 *Id*. 540; 19 *Id*. 420; 55 *Id*. 536; 70 *Id*. 200.

2. The evidence does not support the decree. 53 S. W. 717.

*Robert J. White,* for appellee.

There was no abuse of judicial discretion. The former decree makes no provision for the support of the child and the decree is amply supported by the testimony. 140 S. W. (Tenn.) 745; 111 *Id*. (Mo.) 579; 42 Ark. 495; 86 *Id*. 473.

McCULLOCH, C. J. The plaintiff and defendant were formerly husband and wife and were divorced by a decree rendered in July, 1912, by the chancery court of Franklin County, Arkansas, where they resided. There was one child, the issue of said inter-marriage, a girl, and

the custody of the child was awarded to the plaintiff, Lizzie O'Kane, who has since inter-married with one Lyle. The defendant, Walter O'Kane, owned a large and valuable farm in Franklin County, one-third of which was awarded to the plaintiff as alimony by the same decree which granted the divorce. The decree did not specifically award anything to the plaintiff for the support of the child, but the plaintiff subsequently instituted this action in the chancery Court of Franklin County against her former husband to obtain a decree compelling him to pay a certain sum of money monthly for the support of the child. The defendant pleaded the former adjudication in bar of the right to recover anything now in addition to what was awarded in the former decree. The plaintiff alleged in her complaint that the failure of the court to specify in the former decree a sum to be paid to the plaintiff for support of the child was an inadvertence, and she prays that that be corrected by a decree granting that relief. The cause was heard by the chancellor on oral testimony, which has been preserved in a bill of exceptions, and the court rendered a decree directing the defendant to pay to the plaintiff the sum of $25.00 per month, beginning from the date of the original decree. The defendant has appealed to this court.

It appears from the testimony that the only property owned by either of the parties is that which they owned at the time of the original decree, and that the defendant's portion of the farm, which was not taken away from him by the decree, has a rental value of about $7,000.00 per annum, and that that part of the farm which was awarded to the plaintiff has an annual rental value of about $3,200.00. There is a presumption that the court, in awarding to the plaintiff the custody of the child and a certain portion of defendant's property as her alimony, took into consideration the matter of the support of the child and awarded such sum as the court thought proper for the plaintiff's own maintenance and that of her child. The court has a continuing power over the matter of the

custody and support of the child, but the original decree bars any further inquiry of the right to a further award of money until there has been a change in the circumstances of the parties. The evidence in this case fails to show anything whatever in the condition of the parties except the mere fact that the plaintiff has intermarried with another man since she was divorced from defendant. She still has the same property which was awarded to her, and which yields apparently sufficient income for the support of herself and her child, and it was error for the court to allow any additional sum except upon a showing of a change in the conditions.

The decree is therefore reversed, with directions to dismiss the complaint for want of equity.