<hr />

HANEY *v.* HANEY.

5-2710                                     357 S. W. 2d 19

Opinion delivered May 14, 1962.

*John Harris Jones,* for appellant.

*Reinberger & Eilbott* and *Don H. Smith,* for appellee.

GEORGE ROSE SMITH, J. This is an application by the appellee, Dorothea C. Haney, for an increase in the amount awarded her for the support of the parties' two minor sons. The children's father has appealed from an order increasing the allowance from $200 to $275 a month.

The appellee obtained a divorce on January 13, 1960, and was given the custody of the children. The decree recited that the parties had agreed to a settlement of their property rights, that the defendant should pay $200 a month for the support of the children, and that the defendant should pay alimony at the rate of $300 a month for twenty-four months, beginning as of July 15, 1959, and continuing through June 15, 1961. It is conceded that the appellant has made all the required payments.

This petition for an increase in the allowance for child support was filed within a month after the appellee received her last installment of alimony. It is quite apparent from her testimony that the present request was motivated in part by the fact that without the monthly alimony the appellee has experienced difficulty in maintaining her household upon her own earnings of about $160 a month and the original award of $200 a month for the children. Alimony, however, is not in issue, and any increase in the allowance for the support of the children must be based upon a showing that conditions

have changed since the entry of the decree. *Lively* v. *Lively*, 222 Ark. 501, 261 S. W. 2d 409.

The proof is insufficient to support an increase of $75 a month. One change in conditions is that the appellant's monthly net earnings are $26.50 more than they were when the divorce was granted. The appellee testified that the expenses of her older son are greater now that he is in the eleventh grade than they were when he was in the ninth grade, but she made no attempt to express the additional expense in dollars and cents. She indicated a desire to put the younger child in a private day school, but the added expense of $20 a month would apparently be largely offset by the fact that a maid may no longer be needed to look after the child while the appellee is at work.

It is with reluctance that we differ with the chancellor in a case of this kind, but we are unable to find in the record sufficient proof of changed conditions to support the increase that was granted. The figures that the appellee gave concerning her monthly expenses indicate that the original allowance was nearly enough to provide for the two boys. Her statement that she needs an increase of more than $50 a month evidently refers in part to the matter of replacing the lost alimony.

We have concluded that an increased allowance of $25 a month is the most liberal award that can be justified by the appellee's proof of changed conditions. The chancellor's order will accordingly be modified to fix the monthly allowance at $225, with the appellant to pay the costs.