Nicholas W. Riegler, Jr. v. Mary Miller Riegler

5-4804                                          438 S.W. 2d 468

Opinion Delivered March 24, 1969

[1] Appellant's counsel on appeal did not participate in the trial.

*Howell, Price & Worsham* for appellant.

*H. B. Stubblefield* for appellee.

JOHN A. FOGLEMAN, Justice. This is the third appeal involving these parties to reach this court in litigation ensuing after the fracture of a 21-year marriage. See 243 Ark. 113, 419 S.W. 2d 311 and 244 Ark. 483, 426 S.W. 2d 789. This appeal and cross-appeal come from a decree of the chancery court entered July 25, 1968, after a hearing on motions of the respective parties relating to alimony and child support.

Dr. Riegler, the appellant, first filed a petition for a reduction of child support and alimony. He also sought relief from the payment of child support during visitation periods when he would have custody of the children of the marriage. Mrs. Riegler, the appellee, filed a motion alleging that appellant was in arrears in the payment of alimony and child support pursuant to the court's earlier decree. She asked that appellant be punished for contempt of court. Appellant then filed an amendment to his petition alleging that appellee's circumstances had so materially changed that the

court should abolish the alimony allowed her. The original decree of divorce affirmed by this court provided that Mrs. Riegler be paid $250 per month as alimony and $550 per month as maintenance for the three minor children whose custody had been awarded her. This decree specifically provided for automatic increases of $100 in both alimony and child support "when the jointly owned residence . . . is sold and possession thereof surrendered by plaintiff."[1]  The decree provided that until this property was sold, Mrs. Riegler should have exclusive possession of the house and furnishings.  Upon consummation of the sale the net proceeds were to be divided equally between the parties. This decree also provided for a commissioner's sale of the property in the event it was not sold at a price mutually acceptable to the parties by January 1, 1967. Dr. Riegler was required to pay the monthly payments on the indebtedness against the property.

The chancellor decreed, after hearing the respective motions, that appellee have judgment against appellant for $600 in arrearages in alimony and $150 for attorney's fees.  He also ordered that appellant pay $450 per month for child support of the two children who were still minor and $350 per month as alimony.

Appellant contends that there was error in this decree in the court's refusal to reduce the alimony and child support and in the increase of alimony and child support.  He also asserts that the chancellor abused his discretion in awarding attorney's fees.

Mrs. Riegler asserts that she was entitled to judgment for $1,484.88 for arrearages and that the allowance of child support and attorney's fees were both inadequate.

Rebecca Riegler, one of the three minor daughters, reached her majority on January 23, 1968.  The other

---

[1]Mrs. Riegler was plaintiff in the action.

two are 13 and 11 years of age. Rebecca had lived with her father for about a year at the time of the hearing and is now living with him and his present wife, whom he married October 18, 1967. Appellee did not object to this daughter living with her father and has paid none of this daughter's living expenses. In spite of this, Dr. Riegler continued to pay what he considered to be the full amount of child support.

Three of appellant's present wife's children, the oldest of whom is 22, are living with him and he claims to be supporting them. He professes not to know the extent of his present wife's property or whether her children have any separate property. Dr. Riegler purchased the home in which he is now living on March 1, 1968.

Appellant claims that appellee has inherited a substantial amount of money. The value of this inheritance from an aunt who died August 8, 1963, is no more accurately shown than in the original appeal in this case. Appellant contends that it amounted to $113,220.68. Appellee denies that the total amounted to as much as $100,000. She states that the total consisted of $61,-524.83 plus certain stocks, the value of which she professed not to know.

The parties reached an agreement under which appellant paid appellee $37,000 in settlement of all of her claims under previous decrees of the court, exclusive of alimony and child support. As a part of this settlement appellee conveyed her equity in the residence by deed dated January 11, 1968. She testified that she vacated the premises on January 30, 1968, and moved to an apartment for which she paid $230 a month rent. Dr. Riegler testified that he had been unable to sell this house and will have to pay monthly payments of $257 on the mortgage indebtedness thereon, insurance, taxes, and utilities bills until he can sell it. The property is vacant, and he receives no income from it.

Appellee has purchased a home for which she paid $28,000, $13,000 of which was in cash. The balance is payable in monthly installments of $143.80. She also bought draperies, furniture, and appliances for this residence. Dr. Riegler paid her $800 a month beginning February 8 until June 8 when he paid $689.45. He paid her $616.67 on July 8. Based on the assumption that the payments should have been $1,000 per month beginning February 8, the arrearage amounted to $1,-484.88.

She also testified, in substance, as follows: Her cost of living has increased tremendously. Her cost for utilities for herself and two children is the same and for food practically the same as it would be if she had three children. She paid her attorneys in the divorce case $5,500 in excess of the amount allowed by the courts. She sold stock from her inheritance to pay attorneys' fees in litigation she had with her sister over their aunt's estate. She has not attempted to obtain employment, having figured that, on the basis of the minimum wage scale, her expenses would be such that she couldn't be profitably employed. She is a member of Riverdale Country Club. She has done without a maid for about three months but planned on rehiring one last fall. She paid appellant approximately $2,600 as a result of the judgment affirmed by this court in 244 Ark. 483, 426 S.W. 2d 789. She owns an automobile, a lot she acquired in 1965 for $7,900, and has a savings account of $6,900. She paid $790 as a down payment on the lot and is paying the balance at the rate of $79 per month.

It was shown that Federal Reserve Bulletins showed a rise of 9.1 percent in the Consumer Price Index from April 1966 to April 1968.

We are unable to say that the finding of the chancellor relative to the amount of alimony and child support to be paid after rendition of the decree was erroneous. The burden was on the appellant to show such a

change in circumstances as would justify a reduction in these amounts. See *O'Kane v. Lyle*, 123 Ark. 242, 185 S.W. 281. While appellant has assumed the support of his current wife and her children, he has not shown that this burden renders him unable to make the payments originally decreed by the court or to make those he is now directed to pay. A husband's remarriage is a matter that may be considered in weighing the equities of the situation, but this fact alone is ordinarily not a ground for reducing the amount of child support or alimony. *McCutcheon v. McCutcheon*, 226 Ark. 276, 289 S.W. 2d 521. There is no evidence whatever as to the present income of appellant. Neither the obligation nor the necessity for his supporting his current wife's children can be said to have been established. Nor can we determine the extent of this wife's property even though the inference that she has assets of her own is clear. Actually there is nothing to indicate the difference in Dr. Riegler's cost of living before and after the second marriage. The allowance for child support was not reduced pro rata because of Rebecca's obtaining her majority, but the court's action can be justified by reference to the increase in the cost of living and the inescapable conclusion that the cost of food and shelter is not in direct proportion to the number of people involved.

One of appellant's contentions with reference to the amounts he is required to pay by the court's latest decree is that the residence has not been sold as contemplated by the first decree. On this point we agree with the chancellor, who found that the alimony payments should have been $350 per month and the child support $650 per month beginning on the first payment date after the vacation of the residence by appellee. While the terms of the agreement under which the deed to appellant was executed are not shown in detail, it seems obvious that it was the intention of the court in the original decree that the lesser amounts be paid to appellee so long as she was permitted to occupy the house. When

we consider that the agreement between the parties concluded all rights of the appellee under the original decree except for alimony and child support, this conclusion seems even more obvious. As soon as Mrs. Riegler vacated this house, her cost of living was increased by $230 per month for rent. Although Dr. Riegler will be required to continue the monthly house payments until he has sold the property, he will not be required to account to appellee for any of the proceeds of the sale.

One of the bases for determination of alimony and child support is the manner and style of living to which the wife and children have been accustomed. *Lewis* v. *Lewis,* 202 Ark. 740, 151 S.W. 2d 998. The present manner and style of their living is not shown to be materially different from that enjoyed by them before the dissolution of the marriage.

We cannot say that there was any abuse of discretion in the allowance of attorney's fees in the lower court. It was appropriate for the trial court to consider the financial abilities of both parties and to weigh the allowance in the light of other factors concluded by the decree. We are quite sure that no greater fee was allowed because of Mrs. Riegler's financial ability.

We cannot say that there was error in denying appellant's plea for remission of child support during summer vacation visits of the children with him. The trial court may well have taken this into consideration in fixing the amount of the monthly payments.

There is one respect in which we find error in the decree. The chancellor stated that the equities of the case were such that appellant should not be required to pay any part of arrearages in excess of $600. He arrived at the latter amount by saying that the alimony paid should have been $100 more for each month after appellee vacated the house. Apparently the chancellor thought that the fact that the 18-year-old daughter had

lived with her father for a year warranted his relief from the remaining arrearages of $884.88. This view was considered and rejected in *Sage* v. *Sage,* 219 Ark. 853, 245 S.W. 2d 398. Under the rule announced in that case and followed in *Brun* v. *Rembert,* 227 Ark. 241, 297 S.W. 2d 940, the chancery court had no power to remit accumulated payments which became vested in appellee as they became due under the circumstances of this case. A modifying decree can relate to the future only.

In view of Mrs. Riegler's apparent ability to pay, we deem an allowance of $250 for attorney's fees on this appeal to be adequate.

The decree is affirmed as to the allowance of alimony, child support, and attorney's fees for services in the lower court and modified as to the judgment for arrearages by an increase from $600 to $1,484.88.

Byrd, J., not participating.