JOHN FRANKLIN SAIN JR. *v.* DORIS M. (SAIN) SMITH

73-63                                        495 S.W. 2d 865

Opinion delivered June 25, 1973

*Ponder & Lingo,* for appellant.

*Penix & Penix* and *Hartman Hotz,* for appellee.

LYLE BROWN, Justice. This appeal challenges as excessive a monthly allowance of $500 per month for the support of a sixteen year old daughter.

In 1972 Doris Sain (now Smith) was granted a divorce from John Sain, Jr. The couple are the parents of four children, John III, Sherrill, Randy and Rhonda. The first two had reached their majority at the time of the divorce; Randy and Ronda are still minors. Custody of Randy was given to appellant John Sain, and custody of Ronda was given to appellee. The decree directed that

appellant support Ronda but no amount was fixed. Five months after the divorce appellee petitioned that appellant be required to pay $500 per month for the support of Ronda. The court directed appellant to pay that amount each month into the registry of the court for Ronda's support. This appeal followed.

Appellee itemized monthly expenses which she said were directly incurred by her for the support of Ronda, totaling $597.33. In addition to what might be called usual expenses there were included such items as car payments and upkeep therefor, summer vacation and private telephone. Additionally, appellee itemized the average monthly household expenses and allocated one-third thereof to Ronda, the average being $259.32. The items included household repairs, furniture and repairs, taxes, insurance and utilities. Although it is not specifically stated by the chancellor, we gather that the court did not consider the additional items as being allowable. This is because those expenses would have remained substantially the same irrespective of Ronda's presence in the household.

Appellant did not testify. According to appellee's testimony appellant receives an annual salary of $22,500, a liberal expense allowance, a bonus, and a baseball pension of approximately $1200 per month. The two boys are in school in Jonesboro and the older daughter is attending school in Chicago. Appellant is supporting all three children. The two boys each have an automobile given them by appellant.

If the father is financially able, the child is entitled to such support as will sustain the manner and style of living to which she was accustomed. *Riegler* v. *Riegler,* 246 Ark. 434, 438 S.W. 2d 468 (1969). "In addition to the actual needs of the child, a father has the legal duty to give his child those advantages which are reasonable considering his financial condition and his position in society." 24 Am. Jur. 2d, Divorce and Separation, § 839.

Considering appellant's earnings, the station in life, and the family's customary manner and style of living, we are unable to say that the chancellor abused his latitude of discretion, or that his findings are against the preponderance of the evidence.

Affirmed.

Byrd and Jones, JJ., dissent. Justice Byrd would reduce the monthly allowance to $250. Justice Jones would eliminate the automobile allowances.