WALLACE D. HURLEY, JR. *v.* NANCY B. HURLEY

73-33                                    498 S.W. 2d 887

Opinion delivered September 17, 1973

*Gaughan, Laney, Barnes, Roberts & Harrell,* for appellant.

No brief for appellee.

JOHN A. FOGLEMAN, Justice. Appellant contends the chancery court erred in refusing to reduce his alimony payments on the basis of changed circumstances. He relies principally upon the fact that, since he and appellee were divorced, she has obtained employment from which she earns substantial income. We are unable to say the chancellor's holding was clearly against the preponderance of the evidence.

There is little dispute about the basic facts. The parties entered into a separation agreement on August 10, 1971, about three weeks after appellee filed suit for divorce against appellant. Under its terms, appellant was to pay appellee $750 per month—$375 as alimony and $125 for the support of each of the three minor children of the parties, who were to be in her custody. There was also a provision for a trust fund to be established and maintained by appellant for the purpose of providing a college education for the children. Appellee was required to maintain a homeowner's insurance policy on the family residence, which went to her under the agreement, and on any other residence she might buy or rent for occupancy by her and the three children. The agreement encompassed a complete division of property. It contained the statement that it was to be merged in any ultimate divorce decree and not to create a separate cause of action.

Decree of divorce was entered September 14, 1971. In it, the court approved the agreement between the parties, except for deletion, by agreement of the parties, of a requirement that appellee sell the family dwelling house and that appellant lend her $100 per month until it was sold. It recited that the provisions pertaining to alimony were merged in the decree and did not create a separate cause of action. The petition for modification was filed July 17, 1972. In it, appellant alleged that the alimony payments were based upon the understanding that appellee would not be employed, that her expenses had decreased and that there had been a change in appellant's employment.

Appellant testified that his salary at Hurley Company, Inc., and Hurley Press was $18,000 at the time of the agreement, had been raised to $18,500 and would be increased to $19,000[1] on August 7, 1972. He owns only 2% of the stock in Hurley Company, in which his parents are majority stockholders. He has borrowed $2,200 for the payment of debts. He related Mrs. Hurley was not working and had stated to him that she had no plans to work at

---

[1]The transcript actually recites this amount as $19,500, but appellant asserts that this is a typographical error and the correct amount is that stated above.

the time the agreement was being negotiated. He also said a clause in a proposed agreement between the parties providing for reduction of alimony whenever appellee went to work was stricken at her request. He stated he had been unable to make the required monthly payment of $100 into the trust fund for education of his children. He also said he had resigned as president and chief executive officer of the Hurley Company on September 3, 1971, and was off the payroll for three weeks. He was then re-employed under the same salary agreement, except for the elimination of a 2% bonus. Other fringe benefits are unchanged. Mr. Hurley would not say his resignation was voluntary, but said he felt that he had been fired, even though neither his father nor the company board of directors requested the resignation. Although appellant called his father, who was both his predecessor and successor as president of the company, as a witness, the abstract of the senior Hurley's testimony sheds no light whatever on this subject.

Mrs. Hurley was employed as a school teacher by the Camden school system in 1971-2 at a salary of $6,300 to be increased to $6,950 for 1972-3. She neither signed a contract nor discussed her employment with any school employee prior to the signing of the separation agreement. According to her, she reached an agreement with the superintendent of schools on August 20, which was formalized into a contract approved by the school board on September 9, 1971. She will be required to attend summer school for two years.

At the time of the hearing, appellee had contracted to pay $26,000 for a smaller house for herself and the children. She expected to use the $8,000 to be realized as proceeds of the sale of her equity in the existing residence for a down payment and to effect a reduction in monthly home mortgage payments by approximately $42 per month. She said she is diabetic and that her health insurance excludes, for one year, expenses attributable to this condition. Mrs. Hurley gave estimates of total monthly expenses for herself and the three children totalling $1,095, which she said would provide no better standard of living than they enjoyed before the divorce. Her estimate of expenses did not include any costs of enter-

tainment or vacations, automobile license, school books or supplies. She said her total monthly income from salary, alimony and child support totalled $1,110. While she admitted having saved $1,800, she stated she would have to use substantial amounts of this for additional taxes, insurance and closing costs attendant upon the sale of one house and the purchase of another, and her anticipated purchase of an automobile to replace the 1968 Ford she had.

It is noted that both appellant's resignation and appellee's contract for employment preceded the entry of the divorce decree which approved the agreement between the parties. It is also noted that one of the children of the parties was 17 years of age at the time of the hearing (August 1, 1972) and a senior in high school, who would enter college in the fall of 1973. The agreement provides that while he is attending college appellant will have the obligation of supporting him, and child support payments will be reduced by $125 per month.

It was admitted that the requirement that appellee attend summer school will not be a continuing one and that the expense of kindergarten for the youngest child would soon be terminated and orthodontal expenses for another materially reduced. These reduced costs would affect the estimates made by appellee to some extent. Still, even though some of the items exceed the bare necessities of life, appellant has not successfully contradicted appellee's assertion that these estimated costs are essential to maintaining the standard of living the family had enjoyed before the divorce. In all considerations such as these the manner and style of living to which a wife and children have become accustomed is a significant factor. *Riegler* v. *Riegler*, 246 Ark. 434, 438 S.W. 2d 468. While it may be that appellee's estimates should now be reduced by something over $100 because of items to have been eliminated, neither the trial court nor this court can be blind to the ever-increasing cost of living, or the fact that, as children grow older, their necessary expenses seem to increase. Furthermore, it seems that estimated expenses of $54 per month for clothing and $35 per month for Christmas, birthdays, additional clothing and shoes for four people, considering their station in life, is conserva-

tive. Since the wife's added income has not made her self-sustaining, aside from the family burdens she must bear, the chancellor was justified in finding the evidence of changed circumstances insufficient. See *Davis* v. *Davis,* 241 Ark. 171, 406 S.W. 2d 704.

While the wife's securing employment can be an appropriate basis for reduction of alimony payments, it does not mandate that result. The burden was on the husband to show that the change in circumstances justified the reduction. *Riegler* v. *Riegler,* supra. We cannot say he did so by a preponderance of the evidence so clear that we can say the chancellor erred. Appellant complains of his debt and the loss of his potential 2% bonus. The chancellor would have been justified in attributing both the loss and a substantial part of the debt to an abortive voluntary attempt on the part of appellant to change employment and residence. Changes arising from personal decisions and choices within the control of the husband cannot be urged as a change in circumstances to justify reduction of alimony. *Grant* v. *Grant,* 223 Ark. 757, 268 S.W. 2d 617.

Appellant complains that the wife received an extremely liberal share of his property, in addition to allowances for alimony and child support amounting to almost 60% of his income. He also points out that her "take home" pay from salary, alimony and child support is nearly twice as much as his own. He overlooks the fact that he was only supporting himself out of the income he retains and that appellee was supporting herself and three children. The liberality of the original allowances cannot afford grounds for modification. See *Lively* v. *Lively,* 222 Ark. 501, 261 S.W. 2d 409.

Since we find no basis for reversing the chancellor's findings as to changed circumstances, we pretermit any discussion of an issue raised in appellee's pleadings in the trial court, i.e., that the amount of alimony is based upon a separate contractual agreement, not subject to modification by the court.

The decree is affirmed.