Harold Glen McFADDEN *v.* Sherian
Rose McFADDEN BRAMLETT

CA 80-218                                    606 S.W. 2d 375
Court of Appeals of Arkansas
Opinion delivered October 22, 1980

*A. Jack King* and *Neva Belcher King*, for appellant.

*Robert S. Blatt*, for appellee.

STEELE HAYS, Judge. This appeal is from an order of the Chancellor allowing an increase in monthly child support from $75.00 to $121.00. These parties were divorced in 1974 but have continued litigation with frequent petitions and counter-petitions. The current dispute involves a petition filed by Harold Glen McFadden for contempt based on Mrs. Bramlett's alleged refusal to allow visitation as ordered. The allegations of Mr. McFadden's petition were denied by Mrs. Bramlett and she also filed a counter-claim to increase the child support payments to a minimum of $150.00 per month. At the hearing, the only witness who testified was Mr. McFadden.

The Chancellor denied the petition for contempt and granted appellee's motion for an increase in child support. Appellant was ordered to pay child in the amount of $121.00 per month. From the Chancellor's decision, appellant brings this appeal.

The only point for reversal is that it was error to allow appellee's counter-claim for an increase in child support for the reason that there was no evidence of a change in circumstances. We agree and, therefore, must reverse the ruling of the Chancellor. We are reluctant to do so, as the amount of the increase seems entirely reasonable, yet the cases are numerous and uniform in the requirement of a change of circumstances. See *Lively* v. *Lively*, 222 Ark. 501, 261 S.W. 2d 405 (1953) and cases cited therein.

The pertinent facts previous to this proceeding are set out as follows: The parties to this suit were granted a divorce on August 19, 1974. Appellee, Sherian Rose McFadden Bramlett, retained custody of their minor daughter and later obtained custody of their minor son by an order on a petition to the court.

By an order dated December 15, 1975, appellant was ordered to pay the sum of $100.00 per month in child support. As the result of an agreement between the parties, the child support payments were reduced from $100.00 per

month to $75.00 per month, by an order dated February 7, 1979. This reduction was based on the fact that their oldest child, Harold McFadden, had reached his majority and now lives with his father.

Approximately one year later, appellant filed a petition for citation, stating that appellee had refused to comply with the terms of the order dated February 7, 1979; namely, that she has failed to allow appellant his visitation rights. Appellee answered the petition, denying any non-compliance with said order. Furthermore, she filed a counter-claim, stating that because of a change in circumstances, appellant's child support payments should be increased to a minimum of $150.00 per month.

At the hearing, only the appellant, Harold McFadden, testified. He was asked about his income for the year 1979. He stated that he earned approximately $780.00 per month, but that he had not filed an income tax return for that year. He also stated that his company paid for some of his gasoline expenses and that his insurance was paid by his company. On the basis of this testimony, the Chancellor increased the child support payments from $75.00 per month to $121.00 per month.

We regard as settled law the rule that an increase in child support must be based upon a showing of changed circumstances. *Barnes* v. *Barnes*, 246 Ark. 624, 439 S.W. 2d 37 (1969); *Haney* v. *Haney*, 235 Ark. 60, 357 S.W. 2d 19 (1961), where Justice Smith stated for the court: ". . . any increase in the allowance for the support of the children must be based upon a showing that conditions have changed since the entry of the decree." One seeking the modification has the burden of showing a change in circumstances requiring modification. *Collie* v. *Collie*, 242 Ark. 297, 413 S.W. 2d 42 (1967); *Riegler* v. *Riegler*, 246 Ark. 434, 438 S.W. 2d 468 (1969). Moreover, the consideration has a relative aspect: the needs of one party as compared to the ability of the other: *Lively* v. *Lively, supra,* and *Watnick* v. *Bockman,* 209 Ark. 696, 192 S.W. 2d 131 (1946). The assumption, considering a modification of the child support provision of a decree, is that the Chancellor correctly fixed the proper amount in the original divorce decree. *Collie*

v. *Collie, supra*. In the instant case, we can find no evidence in the record to support an increase in child support on the basis of changed circumstances. Appellant merely testified as to his income and his financial circumstances for the year 1979, but there was no evidence to show that his economic situation had changed since the order of February 7, 1979, wherein appellant was ordered to pay $75.00 per month. Certainly there was no testimony that appellees' needs had increased, as she did not take the stand. The record proves nothing in the way of a contrast in the appellant's circumstances, and no information at all relative to the appellee — her needs, the extent of her income, whether she is employed, her living expenses, whether there are other dependents, the effect of her remarriage — in short, nothing to which a change of circumstances may be tied.

Therefore, the order of the Chancellor increasing the child support payments from $75.00 to $121.00 per month is reversed and inasmuch as it is clear from the order that the evidence was not fully developed the case is remanded for such further evidence as the parties may choose to offer.

Reversed and remanded.