Lonnie EUBANKS *v.* Alberta EUBANKS

CA 81-343                                    632 S.W.2d 242

Court of Appeals of Arkansas
Opinion delivered May 5, 1982

*Robert S. Blatt,* for appellant.

*Lawrence W. Fitting* of *Gean, Gean & Gean,* for appellee.

JAMES R. COOPER, Judge. The appellant seeks a reversal of the decision of the Sebastian County Chancery Court which increased his child support obligation from $40.00 per week to $84.00 per week for his three minor children. The appellee argues that the chancellor's decree increasing the amount of support did not constitute an abuse of discretion and is supported by a preponderance of the evidence.

The parties were divorced by decree of the District Court of LeFlore County, Oklahoma, on June 17, 1974. At that time, appellee was awarded custody of the six minor children then residing with her. Appellant was ordered to pay $150.00 per month as child support. On August 8, 1977, appellee filed a complaint in the Chancery Court of Sebastian County, Arkansas, seeking an increase in child support. On January 3, 1978, the Chancery Court of Sebastian County rendered an order giving full faith and credit to the

Oklahoma divorce decree, but denied the petition for an increase in child support. The court modified the Oklahoma order by requiring that child support payments were to be made in the amount of $40.00 per week. The court also provided:

> The defendant is ordered to provide additional help for said minor children, as is done in the past, and he shall be responsible for all extra ordinary medical and dental expenses of said minor children.

On December 29, 1980, a motion for modification of the 1978 order was filed in the Chancery Court of Sebastian County. That motion indicated that three minor children were still residing in the home, and sought an increase of support to $90.00 per week. After a hearing, the chancellor entered an order which increased the amount of weekly support to $84.00. The court found that sum to be reasonable based on appellant's gross earnings, his net earnings, and the child support chart. The appellee was given the right to claim the children as dependents for income tax purposes. Although the chancellor did not specifically relieve the appellant of the duty to make additional payments as had been done in the past, as required by the 1978 order, he only stated that he encouraged the appellant to continue to provide additional help other than that which was required by the court.

The record reflects that at the time of the hearing, the appellant was making $8.00 an hour under a union contract; that he had been paid $7.60 an hour for the previous two years under another contract; and that he had worked for the same construction company for twenty-seven years. The appellant testified that he gave his sixteen year old daughter approximately $7.00 a week to help her pay for her school lunches, and that he gave each of his other children $2.00 to $3.00 per week. He further testified that his monthly expenses were $1,075.81, but that figure did not provide anything for clothing or entertainment. The appellant further testified that his net earnings were $245.00 a week, and that he had remarried and was supporting a step-child.

The appellee testified that her net earnings were between $195.00 and $245.00 per week, and that her income was $11,518.00, $11,664.00, and $13,540.00 for 1978, 1979, and 1980, respectively. There was no testmony as to any other differences between the situation of appellant and appellee, between 1978 and the date of the hearing in this case.

The law is well settled that modification in child support is to be based on changes in circumstances. In *McFadden* v. *Bramlett*, 270 Ark. 850, 606 S.W.2d 375 (Ark. App. 1980), this Court stated:

> We regard as settled law the rule that an increase in child support must be based upon a showing of changed circumstances. *Barnes* v. *Barnes*, 246 Ark. 624, 439 S.W.2d 37 (1969); *Haney* v. *Haney*, 235 Ark. 60, 357 S.W.2d 19 (1961), where Justice Smith stated for the court: " . . . any increase in the allowance for the support of the children must be based upon a showing that conditions have changed since the entry of the decree." One seeking the modification has the burden of showing a change in circumstances requiring modification. *Collie* v. *Collie*, 242 Ark. 297, 413 S.W.2d 42 (1967); *Riegler* v. *Riegler*, 246 Ark. 434, 438 S.W.2d 468 (1969).
>
> Moreover, the consideration has a relative aspect: the needs of one party as compared to the ability of the other. *Lively* v. *Lively* [222 Ark. 501, 261 S.W.2d 409], *supra*, and *Watnick* v. *Bockman*, 209 Ark. 696, 192 S.W.2d 131 (1946). The assumption, upon considering a modification of the child support provision of a decree, is that the Chancellor correctly fixed the proper amount in the original divorce decree. *Collie* v. *Collie, supra*. In the instant case, we can find no evidence in the record to support an increase in child support on the basis of changed circumstances. Appellant merely testified as to his income and his financial circumstances for the year 1979, but there was no evidence to show that his economic situation had changed since the order of February 7, 1979, wherein appellant was ordered to pay

$75.00 per month. Certainly there was no testimony that appellee's needs had increased, as she did not take the stand.

In *Hurst* v. *Hurst,* 269 Ark. 778, 602 S.W.2d 137 (Ark. App. 1980), this Court discussed the principles underlying modification of child support and concluded:

That the state of the law in this area may be said to be in Arkansas that the Chancery Court has broad power to modify a provision for child support where it finds a modification to be in the best interest of the children and no hard and fast rule can be laid down concerning the specific nature of the changed circumstances or the degree thereof. We regard this general statement as entirely consistent with the rule expressed in *Collie* v. *Collie,* 242 Ark. 297, 413 S.W.2d 42 (1967), and *Shue* v. *Shue,* 162 Ark. 216, 258 S.W. 128 (1924), to the effect that whether a modification of child support is justified by changed circumstances is within the *sound discretion* of the Chancellor.

The Court also pointed out, after examining the cases dealing with modification of support, that:

[W]hen the child support has been reduced by way of modification, the Supreme Court has been apt to scrutinize the record for clear change of circumstance but less inclined where an increase in child support has occurred.

The *Hurst* case, *supra,* dealt with the situation where the appellant had provided additional support, and this Court found that the appellee was entitled to rely on the expectation of that additional support over and above that which was agreed to in a separation agreement.

In the case at bar, we are unable to find any changed circumstances which justify an increase in child support such as that awarded by the chancellor. There was no testimony concerning increased need on the part of the appellee, nor was there testimony of a substantial increase in

appellant's earnings. In fact, the appellant was earning approximately forty cents per hour gross, or $16.00 per week, more than he had been earning in 1978. The appellee, on the other hand, had one less child to support at her home, and she was earning approximately $2,000.00 more than she had been in 1978.

Although it may be that the original child support could have been set at a higher amount without having constituted an abuse of discretion, we must assume that the chancellor correctly fixed the proper amount of support in the original decree. *McFadden* v. *McFadden, supra.* Under that rule, we must hold that the chancellor was clearly erroneous in finding a change of circumstances, and, therefore, that he abused his discretion by increasing the child support to $84.00 per week.

It seems obvious that the chancellor took into consideration the fact that the 1978 order provided that the appellant was to continue making some type of payments, which he had been making voluntarily. There is nothing in this record to show the amount of those payments. The chancellor would certainly have been justified in setting child support at a sum certain, which he found to be equal to the total of $40.00 per week plus the voluntary payments made prior to 1978. This record is not fully developed enough for this Court to be able to set such an amount on *de novo* review, and therefore we remand the case to the chancellor so that he may hear whatever additional evidence the parties wish to present regarding those amounts paid prior to 1978, and to reduce that sum to a definite amount.

Reversed and remanded.

PER CURIAM. Gardner Smith, Jr., by his attorney, has filed for a rule on the clerk.

His attorney, Charles P. Allen, has attached an affidavit admitting that the record was tendered late due to a mistake on his part.

We find that such an error, admittedly made by the attorney for a criminal defendant, is good cause to grant the motion. See our Per Curiam opinion dated February 5, 1979, In Re: Belated Appeals in Criminal Cases, 265 Ark. 964.

A copy of this opinion will be forwarded to the Committee on Professional Conduct.