Rickey C. REYNOLDS *v.* Cathy L. REYNOLDS

89-19                                                    771 S.W.2d 764

Supreme Court of Arkansas
Opinion delivered June 19, 1989

*Callis Childs*, for appellant.

*Kenneth G. Fuchs*, for appellee.

JACK HOLT, JR., Chief Justice. In this appeal, appellant Rickey C. Reynolds contends that the chancellor erred in increasing his child support obligation without proof of a change in circumstances subsequent to the entry of the original order of support. We find no error and affirm.

Rickey Reynolds and appellee Cathy L. Reynolds were divorced on December 2, 1986. The parties entered into a property settlement agreement whereby appellee would be awarded custody of the one minor female child and appellant would pay child support of $38.00 per week and have visitation rights. The agreement was incorporated in the divorce decree.

On October 22, 1987, appellee filed a petition for an increase in child support based on increased cost of living. After a hearing, the chancellor, utilizing the 1987 family support chart published by the Family Law Section of the Arkansas Bar Association, ordered an increase in appellant's payments for child support from $38.00 to $58.00 per week. From this order, appellant appeals.

■■ The law concerning modification of child support is well settled. A change in circumstances must be shown before a court can modify an order for child support. *Riegler* v. *Riegler*,

246 Ark. 434, 438 S.W.2d 468 (1969); *Watson* v. *Watson*, 271 Ark. 294, 608 S.W.2d 44 (Ark. App. 1980). The assumption is that the chancellor correctly fixed the proper amount in the original divorce decree. *Collie* v. *Collie*, 242 Ark. 297, 413 S.W.2d 42 (1967); *McFadden* v. *Bramlett*, 270 Ark. 850, 606 S.W.2d 375 (Ark. App. 1980). One seeking modification has the burden of showing a change in circumstances. *Riegler, supra*; *Holley* v. *Holley*, 264 Ark. 35, 568 S.W.2d 487 (1978).

In determining whether there has been a change in circumstances warranting adjustment in support, the court should consider remarriage of the parties, a minor reaching majority, change in the income and financial conditions of the parties, relocation, change in custody, debts of the parties, financial conditions of the parties and families, ability to meet current and future obligations, and the child support chart. *Thurston* v. *Pinkstaff*, 292 Ark. 385, 730 S.W.2d 239 (1987). However, there is no hard and fast rule concerning the specific nature of the changed circumstances. *Eubanks* v. *Eubanks*, 5 Ark. App. 50, 632 S.W.2d 242 (1982).

For example, in *Warren* v. *Warren*, 273 Ark. 528, 623 S.W.2d 813 (1981), we affirmed the trial court's modification of child support from $37.50 to $50.00 per week where the husband was earning take-home pay of $250.00 per week at the time of trial, his wife, the custodial parent, had given him substantial sums of money and an entirety interest in a home and apartment building during the marriage, and the wife had become a college student subsequent to the time the original divorce decree was entered.

In *Watson, supra*, the court of appeals affirmed the chancellor's decision to increase child support payments from $40.00 to $60.00 per week based upon the fact the custodial parent was about to move from a mobile home and would need additional funds for dwelling space.

The case at bar is somewhat analogous to *Watson* in that it involves a custodial parent's need for additional funds for dwelling space. At the time the original decree was entered, appellee and the child were living with her parents. Since then, appellee has bought a house. The payments are $247.00 a month. She has also purchased a new car, thereby incurring monthly

payments of $150.00. In addition, she has utility bills of $80.00 a month and baby-sitter bills of $50.00 a week, both of which she did not have at the time the original decree was entered.

Appellee earns sixty-one cents more an hour than she did at the time of divorce. She takes home about $200.00 a week. Appellant makes about $1.50 an hour more than he did at the time of the divorce. He takes home approximately $280.00 a week.

In increasing the amount of support payments from $38.00 to $58.00 a week, the chancellor did not make a specific finding of a change in circumstances. Notwithstanding, because we review chancery cases *de novo*, *McGuire* v. *Bell*, 297 Ark. 282, 761 S.W.2d 904 (1988), we are empowered to make such a finding on our own accord. Under the facts of record, we find a change in circumstances sufficient to support an increase in appellant's child support obligation as ordered by the chancellor.

As an aside, appellant argues that the trial court erred in relying on the 1987 family support chart in making its decision and that Ark. Code Ann. § 9-12-312 (1987) is unconstitutional on its face in that the language in the provision that "the court shall refer to the most recent revision of the family support chart found in the Domestic Relations Handbook published by the Arkansas Bar Association . . . ." is an unconstitutional delegation of legislative authority to the Arkansas Bar Association. Since he did not make these contentions below, we do not consider them. *Barr* v. *Arkansas Blue Cross & Blue Shield, Inc.*, 297 Ark. 262, 761 S.W.2d 174 (1988).

Affirmed.

PURTLE, J., concurs.

JOHN I. PURTLE, Justice, concurring. In spite of the fact that the trial court did not find a change in circumstances, this court "on *de novo* review" finds such a change in order to affirm the chancellor. I have no disagreement with the amount of support ordered, but in my opinion the only change of conditions here is that this young divorcee moved out of her parent's home and purchased a house and a new car. Will conditions change if she buys a bigger house and a more expensive car?

We have again evaded the question which the bench and bar have wanted answered: May the chancellor establish child support payments based solely on the child support chart published by the Family Law Section of the Arkansas Bar Association? I would make it clear that the support chart is only a guide and that it is not mandatory to set the amount of the award from the chart.