Dennis PAYTON *v.* Robin Payton WRIGHT

CA 97-1435                                         972 S.W.2d 953

Court of Appeals of Arkansas
Division III
Opinion delivered August 26, 1998

*Blackman Law Firm*, by: *Keith Blackman*, for appellant.

*Mooney Law Firm*, by: *Christopher R. Thyer*, for appellee.

JOHN B. ROBBINS, Chief Judge. Appellant Dennis Payton and appellee Robin Payton Wright were divorced on September 26, 1994. By agreement of the parties, Mrs. Wright was granted custody of their two minor children, and Mr. Payton was ordered to pay $184.00 per week as child support. On August 8, 1995, Mr. Payton filed a petition that, among other things, sought to reduce his child-support obligation. Following a hearing on September 11, 1995, the chancery court found that there was no sufficient reason to reduce the child support and denied this request. No appeal was taken from that order.

On July 17, 1996, Mr. Payton again filed a petition to reduce his child-support obligation. The chancery court granted Mrs. Wright's motion to limit the evidence in the matter to those events that occurred after September 11, 1995. In an order issued on June 4, 1997, following a hearing on this more recent petition, the chancery court again refused to reduce Mr. Payton's child-support obligation. Mr. Payton appeals from this order.

For reversal, Mr. Payton argues that the chancery court erred in excluding evidence of any changes in his income that occurred prior to September 11, 1995. In addition, Mr. Payton contends that the chancery court clearly erred in determining that he was not entitled to modification of the original child-support order as a result of his reduced income. We agree that the chancellor erred in refusing to consider evidence of Mr. Payton's income at the

time child support was last set on September 26, 1994, and therefore we reverse and remand.

Mark Harris, a supervisor at Dana Corporation in Jonesboro, testified at the hearing on behalf of Mr. Payton. He stated that he is responsible for scheduling twenty-six employees, including Mr. Payton. According to Mr. Harris, business slowed down in September 1995, after which many employees were laid off. He testified that, for a total of eight weeks in the past year, Mr. Payton was on layoff. Mr. Harris acknowledged, however, that as a result of an income protection plan, Mr. Payton was paid benefits during his layoff periods as if he had been working forty-hour weeks. Mr. Harris did not anticipate any future layoffs, but he did state that, "I can see overtime coming down in the near future."

Mr. Payton testified on his own behalf and indicated that he has worked at Dana Corporation for four and one-half years. He stated that, as a result of his reduced hours, his income changed significantly from 1995 to 1996. Mr. Payton testified that he had become accustomed to working extensive overtime hours, and that the layoffs he encountered caused a substantial financial strain. He stated that, as a result of his reduced working hours, he was forced to borrow money and had to cancel his telephone and cable television services.

Mr. Payton was permitted to introduce evidence of his weekly hours worked from September 11, 1995, through the date of the hearing. However, the trial court did not consider the hours that he worked prior to September 11, 1995. A proffered exhibit indicated that Mr. Payton was working many more hours per week in late 1994 and early 1995 than he has been able to work since. The chancery court also allowed Mr. Payton to introduce tax records to show that his annual income for 1996 was just over $30,000.00. However, he was not permitted to introduce evidence of his 1994 and 1995 tax returns, which revealed annual incomes of $50,309.00 and $44,280.00, respectively.

In reaching its decision, the chancery court relied on two financial affidavits filed by Mr. Payton. The first was prepared in September 1995, and indicated a gross weekly income of $435.20, while the second, dated May 1996, revealed a gross weekly

income of $526.00. In his testimony, Mr. Payton acknowledged receiving an hourly pay raise between the filings of his affidavits, but stated that the affidavits were based on a forty-hour work week. He testified that, despite the hourly pay increase, his actual income has decreased because of less overtime being available.

■■ It is settled law that a modification in the amount of child support to be paid must be based upon a change in circumstances. *Roland v. Roland*, 43 Ark. App. 60, 859 S.W.2d 654 (1993); *Carter v. Carter*, 19 Ark. App. 242, 719 S.W.2d 704 (1986). In considering a petition for modification of child support, it is assumed that the chancellor fixed the proper amount of support in the original decree. *Reynolds v. Reynolds*, 299 Ark. 200, 771 S.W.2d 764 (1989); *Eubanks v. Eubanks*, 5 Ark. App. 50, 632 S.W.2d 242 (1982). The party seeking the modification has the burden of showing a change in circumstances sufficient to require modification. *Roland v. Roland, supra.* While not purporting to constitute the exclusive basis for showing a material change of circumstances, Arkansas Code Annotated section 9-14-107(a) (Repl. 1998) provides that a change in the child-support payor's gross income in an amount equal to at least twenty percent, or more than $100 per month, shall constitute such a material change of circumstances sufficient to petition the court for review and modification pursuant to the family support chart. Furthermore, subsection 9-14-107(c) recognizes that an inconsistency between the child-support amount last ordered and the amount of child support that would result from application of the family support chart to the payor's current income shall likewise constitute a material change of circumstances sufficient to petition the court for review and modification, subject to two exceptions, neither of which is applicable to this case.

In the case at bar, the sole issue before the chancery court was whether Mr. Payton had established a change in his financial condition sufficient to support a modification in child support. The more specific issue for us on appeal, however, is how far back in time could Mr. Payton go with his evidence in proving up a material change in financial circumstances. There are two possibilities here. Either he could go all the way back to when support was last set, *i.e.*, when the divorce decree was entered on

September 26, 1994, or he could go only to September 11, 1995, when the court ruled that as of that time he had failed to show entitlement to a support modification.

■ We think the following hypothetical situation presented in Mr. Payton's brief is persuasive: A petitioner asks for a reduction in his child-support obligation one year after the support amount was originally set. After viewing the evidence, the chancellor finds that the petitioner has only experienced a fifteen-percent reduction in income and concludes that this does not constitute such a material change in his financial circumstances as to entitle him to a modification. Another year passes during which the petitioner experiences a further reduction in his income, and he again asks for a support reduction. The chancellor views only evidence of the income reduction suffered by the petitioner since he was denied a modification one year earlier and finds that during this year the petitioner has experienced only a fifteen-percent reduction in income. The chancellor concludes that fifteen percent does not prove a material change in circumstances and, again, denies him modification. Assume this scenario is repeated again, and again. If the court does not consider the sum total of the incremental reductions of income, the petitioner may never obtain relief, notwithstanding that his income has dwindled to a small fraction of the amount that he was receiving when support was originally set. We think the better alternative is, and we so hold, that a petitioner seeking modification in child support, whether it is the payor or the custodial parent, may present evidence showing all relevant changes in financial circumstances since the support rate was last set, without being limited to the date of any unsuccessful interim proceeding seeking modification. Consequently, Mr. Payton's burden was to show that a material change in financial circumstances occurred between September 26, 1994 (the date of the divorce decree), and the time that his current petition for modification came before the chancery court.

■ Mr. Payton's proffered income-tax returns and records of his weekly hours gave credence to his assertion that his income and income potential decreased between the time of the divorce and the present time. Because the chancellor erred when he

refused to consider evidence of Mr. Payton's financial circumstances prior to September 1995, we reverse and remand to the chancery court for a determination of whether a modification of child support is warranted and, if so, to what degree, in light of all the evidence dating back to the date of the divorce decree.

Reversed and remanded.

STROUD and ROAF, JJ., agree.